Tompkins, J.,
delivered the opinion of the Court.
Rogers sued Birch and Haden in the Circuit Court of Howard county, and there had judgment. To reverse this judgment, Birch and Haden prosecute their writ of error. Rogers commenced his suit in the Circuit Court by petition and summons, and states his case thus : “Charles R. Rog'érs, plaintiff, states that he holds a note on the defendants, James H. Birch and Joel H. Haden, in substance as follows: $176 75 — four months after date we or either of us promise to pay James Barnes one hun *164 dred and seventy-six dollars and seventy-five cents, &c.” On which is the following assignment: “I assign the within note to C. R. Rogers for value received, September 1st, 1832, &c., whereby the plaintiff became the proprietor thereof, of which thp defendants had due notice.” The defendants put in a plea denying the assignment. On the trial of the cause the plaintiff proved that the signature to the assignment of the note sued on was the signature of James Barnes the assignor. No other evidence was given.
The defendants then moved the Court to instruct the jury, that there was no evidence before them to prove that C. R. Rogers, to whom the note was assigned, is the plaintiff Charles R. Rogers, and that therefore a verdict must he found for the defendants. The Circuit Court refused to give the instructions demanded. In stating his case the plaintiff has pursued the form prescribed by the act of Assembly, and pursuing that form, he has averred that by virtue of the assignment of Barnes, he became the proprietor of the note sued on. His evidence is an assignment to C. R. Rogers by Barnes, and his possession of the note. The identity of the person of the assignee is put in question by the plea. We think the Court was authorized to consider his possession of the note as some evidence in his favor. It was also just in our opinion, that the Court should take notice of the frequency of the practiceof abbreviating the given names of men, and that the letter C being the initial of Charles, might well be intended for an abbreviation of Charles. With such evidence before it, we think the Circuit Court might well refuse the instructions asked for by the defendants. It may be added that had there been any doubt of the identity of C. R. Rogers and Charles R. Rogers, evidence might have been offered by the defendants to prove that Charles R. Rogers was not the assignee. We are then of opinion that, the judgment of the Circuit Court ought to be affirmed, and the defendant in error is allowed his costs.