## John Johns *vs.* Otho Scott, James Reardon and wife.

The registration of a deed defectively acknowledged cannot affect a *bona fide* purchaser without notice.

Appeal from the Court of Chancery.

This appeal was taken from the decision of the chancellor, (Johnson,) reported in *3rd Md. Chancery Decisions*, 57. The only question in the case was, whether a *prior* mortgage to the appellant, duly recorded, but defectively acknowledged in that the acknowledgment was made before two justices of the city of Baltimore, instead of Harford county, where the land was situated, was entitled to a preference over a *subsequent* mortgage of the same land to the appellee, Scott, duly executed, acknowledged, and recorded, there being no proof that Scott, at the time of taking his mortgage, had actual knowledge of the existence of the prior mortgage to the appellant?

The argument of the cause was commenced before Le Grand, C. J., Eccleston, Mason and Tuck, J., by *Charles H. Pitts* for the appellant, who was stopped by the court upon the authority of the case of *Price and Bevans vs. McDonald, et al.*, 2 *Md. Rep.*, 403. *Cornelius McLean* and *John V. L. McMahon*, appeared for the appellee.

Le Grand, C. J., delivered the opinion of this court.

We concur with the opinion of the chancellor in this case. Besides which, the point involved in it has been expressly decided by this court in the case of *Price and Bevans vs. McDonald, et al.*, 2 *Maryland Rep.*, 403. In that case, as in this, the deed was recorded, but had been defectively acknowledged. The court held, that such registration could not affect a *bona fide* purchaser *without notice.* In the case before us the appellee Scott, swears, in his answer, that he had no knowledge of the previous deed of Reardon and wife to the appellant, and there is no proof to the contrary.

*Decree affirmed, and cause sent to Harford county court for further proceedings, under act of* 1854, *ch.* 183.