BENJAMIN J. STEVENS, Defendant in Error, *v.* JOHN A. HAMPTON *et al.*, Plaintiffs in Error.

1. *Conveyances—Improper acknowledgment—Actual and constructive notice.*— Where a recorded instrument shows upon its face that the acknowledgment was taken by a party in interest, it is improperly recorded, and is no constructive notice; but when it is fair upon its face, it is the duty of the register to receive and record it, and its record operates as notice notwithstanding that there may be some hidden defect. Yet a conveyance, though improperly acknowledged, is good as between the parties or those purchasing with actual notice.

2. *Bills and notes — Misconception, what does not amount to.*— The fact that a deed of trust purported to be given to secure a promissory note due the beneficiary, whereas in truth it was given to indemnify him as surety upon a note to a third person, does not amount to such a misdescription as should affect the validity of the deed.

### *Error to Fourth District Court.*

*Carr*, for plaintiffs in error.

I. Plaintiff in error is a *bona fide* purchaser for a reasonable consideration, without notice, and as such he is entitled to be protected. (Sto. Eq., §§ 165, 381, 409–10; Grisley v. Thayer, 23 Wend. 388; James v. Johnson & Morey, 6 Johns. Ch. 417.)

II. The deed of trust executed by Hobson to John E. Lockwood, to secure Hoffner, having been recorded first, secured the first lien on the property in controversy. (R. C. 1855, §§ 40–43, ch. 72, p. 364; Waldo v. Russell, 5 Mo. 387; Bellas v. McCarty, 10 Watts, 13; Vaughan v. Tracy, 22 Mo. 415; Beattie v. Butler, 21 Mo. 322; Williamson v. Brown, 15 N. Y. 354.)

III. Plaintiff in error is protected as a purchaser under Hoffner, although she may have purchased with actual notice of the first deed of trust. (Fort v. Burch, 5 Denio, 187.)

IV. The mis-recital of the note will not vitiate said deed of trust. (Scott v. Bailey, 23 Mo. 150; Shirras *et al.* v. Craig *et al.*, 7 Cranch, 34; Jackson v. Bowen, 7 Dana, 13; 4 Dana, 406; 5 Dana, 530; 8 Johns. 455.)

V. The recording of the first deed of trust after the second, but before the sale under the second, is no notice, actual or constructive, to the *cestui que trust* in the second deed of trust.

(Stuyvesant v. Hall, 2 Barb. 158; Truscott v. King, 6 Barb. 346; Bushell v. Bushell, 1 Scho. & Lef. 90; Leibey v. Wolf, 10 Ohio, 83; Halstead v. Bank of Kentucky, Marsh., Ky., 558; Wiseman v. Westland, 1 Young & Jervis, 117; Bedford v. Bachhouse, W. Kelynge, 5.)

VI. The acknowledgment of the grantor to the first deed of trust was taken by Edward A. Lockwood, the trustee, to himself. It was not proved by any subscribing witnesses. The record of it was not in pursuance of any law, hence it did not impart any notice to any person.

*Redd*, for defendant in error.

I. Plaintiff in error, to entitle her to protection against plaintiff's elder title, must show either that she is a *bona fide* purchaser for a valuable consideration without notice of plaintiff's elder title, or that her grantor is a purchaser *bona fide* for a valuable consideration without notice. She has failed to show either.

II. The filing of the deed of trust from Hobson to Edward A. Lockwood, on the 29th of March, 1861, to secure the payment of the purchase money due to plaintiff, imparted notice to defendant of the existence and contents of the deed and of plaintiff's equity under it. (R. C. 1855, ch. 92, p. 364, § 41; 1 Sto. Eq., § 403; Johnson v. Stagg, 2 Johns. 514, 522; Jackson v. Post, 15 Wend. 594; Jackson v. Paige, 4 Wend. 591; Tuttle v. Jackson, 6 Wend. 226; Frost v. Buckman, 1 Johns. 298; Parkhurst v. Alexander, *id*. 398.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff brings ejectment for certain land near the city of Hannibal, and both parties claim under one Carmi Hobson, and were purchasers at sales under different deeds of trust executed by him. The one under which the plaintiff claims was given in June, 1859, to Edmund A. Lockwood, as trustee, to secure the plaintiff in certain notes for the purchase money, and, some months after, was acknowledged before the said trustee. It

was not, however, filed for record until March, 1861, and in the meantime — to-wit: on the 28th day of July, 1860 — said Hobson executed another deed of trust to John A. Lockwood, trustee, purporting to secure a note given to one Hoffner for $1,050, but in fact given to secure said Hoffner as security upon such note to a third person, which last deed was immediately recorded. In August, 1861, which was after the first deed was recorded, the defendant, Mrs. Hampton, purchased at a trustee's sale under the deed last executed but first recorded, and the purchase money was applied to extinguish the note for which the beneficiary, Hobson, had become liable; and in 1864 the plaintiff purchased under a sale made by his trustee.

We must treat the deed to Edmund A. Lockwood, trustee, and acknowledged before him, as though never acknowledged, unless we assume that a party to a deed may take its acknowledgment, which will not be seriously claimed. There are several cases where an acknowledgment was attacked upon the ground of interest in the party taking it, and in every case the incompetency of a grantee is assumed. In Groesbeck v. Seeley, 13 Mich. 329, the court says : " We should have no hesitation in holding that a person could not take the acknowledgment of a deed made to himself. Such a point is too plain for doubt." Dussaume v. Burnett, 5 Iowa, 95, seems to recognize, on page 103, the doctrine that the party to the instrument can not take its acknowledgment; and in Wilson v. Traer & Co., 20 Iowa, 231, an acknowledgment before one of the grantees is expressly held to be void. The court, in Beaman v. Whitney, 20 Me. 413, speaks of an acknowledgment before a grantee " as at most a void acknowledgment, leaving the deed operative between the parties," etc. Withers v. Baird, 7 Watts, 227, was an action of covenant to recover the price of a tract of land, and the defense was that no sufficient deed had been tendered. It appeared that the plaintiff, who had agreed to make the deed, obtained one from one Baxter and wife, who held the title, which was made directly to the defendant and acknowledged before the plaintiff. The court, per Gibson, J., held the acknowledgment to be insufficient to bar the dower of Baxter's wife, as the duties of a magis-

trate in regard to her separate examination are judicial, and can not be performed by a party interested.

On the other hand, Lynch v. Livingston, 6 N. Y. 422, and Kimball v. Johnson, 14 Wis. 674, seem to recognize a contrary doctrine, although I think there is no real conflict. In the former case an ordinary acknowledgment was held to be a ministerial act, and hence did not come under the prohibition against the action of judges or jurors who were relatives of the parties. In the latter case a mortgage was given to a married woman to secure her for money loaned which belonged to her separate estate, and was acknowledged before her husband. In regard to his action the court simply says: "We do not think on that account he was disqualified from taking it." In this case the husband was not a party to the instrument, and could have no interest in the separate estate of the wife; and the court doubtless treated his action as ministerial, and not affected by his relationship to the grantee.

In the cases referred to, where the acknowledgment was held invalid, the party taking it was, or was supposed to be, a party in interest. I have found no case where it was taken by a trustee; and perhaps there might be ground for holding that where the grantee was a mere naked trustee, the title, by the statute of uses, vesting at once in the beneficiary, the acknowledgment should be held to be valid. But trustees to hold in pledge, with power of sale, stand in a very different relation. The objection to the party in interest is analogous to the one forbidding a judge to pass upon his own case. Though the act may not be strictly judicial, it is of a judicial nature and requires disinterested fidelity. We know that in practice this kind of trustee is always selected by the beneficiary; he is controlled by the beneficiary in fixing the time of the sale, and its proceeds come into his hands. There is such an interest that, as to the requisites of the deed itself, he should be placed upon a level with the other parties, and be incapacitated from holding any official relation to its execution.

The want of a proper acknowledgment does not, however, invalidate the deed, but only goes to the effect of the record. If not acknowledged or proved, its record is not provided for by law, and the fact that it may be copied upon the book of records will

not operate as constructive notice to subsequent purchasers. (Dussaume v. Burnett, 5 Iowa, 95; Lessee of Schultz v. Moore, 1 McLean, 520; Barney v. Sutton, 2 Watts, 31; Hastings v. Vaughan, 5 Cal. 315; Price v. McDonald, 2 Md. 403; Johns v. Scott, 5 Md. 81.) The deed, however, is good as between the parties, and should prevail against subsequent deeds to those who had actual notice of its existence. (Dussaume v. Burnett, *supra;* Caldwell v. Head, 17 Mo. 561; Corby v. Rankin, 11 Mo. 647.)

In view, then, of the acknowledgment as affecting the right of record and the question of constructive notice, the following would seem to be a reasonable rule: that when the recorded instrument shows upon its face that the acknowledgment was taken by a party, or party in interest, it is improperly recorded, and is no constructive notice; but when it is fair upon its face it is the duty of the register to receive and record it, and its record operates as notice notwithstanding there may be some hidden defect.

In the case at bar, the second trust deed — that is, the one under which defendant purchased — is the only one entitled to record; and the question of priority, so far as it depends upon constructive notice, need not be considered. Still, if the beneficiary in that deed was actually advised in regard to the former before he assumed the obligation upon the strength of the security, his lien, so far as he is concerned, must be subject to that created by such former deed, though otherwise as to an innocent purchaser from him.

I have not noticed the provision of our statute (Wagn. Stat. 595) that makes the record of a deed, defectively acknowledged, operate as constructive notice, because, by its terms, it could only refer to records made before its enactment.

Upon the subject of notice the plaintiff asked for instructions to the jury, which the court refused to give, embracing the following points:

1. That if Hoffner, the beneficiary in the second deed of trust, had notice, at the time of its execution and delivery, of the former deed, the plaintiff should recover, notwithstanding such former

deed, provided the former deed was recorded before the sale to defendant.

2. That if John A. Lockwood, the trustee in the second deed of trust, had notice, at the time of its execution and delivery, of the former deed, the plaintiff should recover, notwithstanding, etc.

But the court, at defendant's instance, gave the following:

1. "If the deed of trust to secure Hoffner was recorded before he had notice of the deed in favor of Stevens, the jury will find for the defendant."

2. "If the deed to Mrs. Hampton was made, and the money paid before she had notice of a prior deed, other than by the records, they will find for defendant, even though Hoffner had notice."

By comparing the instructions refused with the second one given, it will be seen that the Circuit Court held Mrs. Hampton, the defendant, who bid in and claims title to the property, to be protected by her ignorance of the former deed, notwithstanding Hoffner, the beneficiary, and his trustee may have been advised of such deed. It seems to have been for this supposed error that the District Court reversed the judgment of the Circuit Court, though it appears also to have treated the record of the first deed, with its defective acknowledgment, before the sale under the second deed, as constructive notice.

The Circuit Court committed no error, and the law upon the subject can not be better stated than in the language of Judge Story: "If a person who has notice sells to another who has no notice, and is a *bona fide* purchaser for a valuable consideration, the latter may protect his title, although it was affected with the equity arising from notice in the hands of the person from whom he derived it; for, otherwise, no man would be safe in any purchase, but would be liable to have his own title defeated by secret equities, of which he could have no possible means of making a discovery." And, after quoting an old English authority, he further says: "This doctrine has ever since been adhered to as an indispensable muniment of title. And it is wholly immaterial of what nature the equity is, whether it is a lien or an encumbrance, or a trust, or any other claim; for a *bona fide* purchase

of an estate, for a valuable consideration, purges away the equity from the estate in the hands of all persons who may derive title under it, with the exception of the original party, whose conscience stands bound by the violation of his trust and meditated fraud." (Sto. Eq., §§ 409–10 ; see also Fort v. Burch, 5 Denio, 187.)

Another question is raised by the record. The second trust deed, being the one under which Mrs. Hampton purchased, purports to be given to secure a promissory note due the beneficiary, whereas the evidence shows that it was given to indemnify him as security upon a note to a third person, and the proceeds of the sale were applied in the payment of such note. It does not appear that the purchaser knew of this misdescription of the debt; but whether she knew it or not, there is no such variance as should affect the validity of the second deed. The legal title was in the trustee ; the amount of the debt was correctly described ; the default was made, and the proceeds of the sale were applied to extinguish the contingent liability to the beneficiary as well as the actual liability to the payee of the note. No fraud is pretended, and there was no such misdescription as could injure any one. The courts have uniformly sustained *bona fide* mortgages, notwithstanding the debt may have been incorrectly set out in the condition ; and parol evidence is admissible to explain the consideration. (Scott v. Bailey, 23 Mo. 140 ; Shirras v. Craig, 7 Cranch, 34.)

The other judges concurring, *the judgment of the District Court is reversed, and that of the Circuit Court affirmed.*