WASH. ADAMS,<br>DAVID WAGNER,<br>H. M. VORIES,<br>E. B. EWING,<br>T. A. SHERWOOD.

---o---

J. O. DAIL, Respondent, *vs.* WILLIAM M. MOORE, Appellant.

1. *Acknowledgment, taken by grantee, void.*—The acknowledgment of a deed of trust taken by the trustee therein as notary public, is void.

11. *Evidence—Deed—Proof of execution.*—A deed cannot -be read in evidence without some proof of its execution.

3. *Trustee—Acknowledgment—Descriptio personæ.*—The acknowledgment of a deed by a trustee who signed the instrument as trustee, is not void because the certificate describes him simply by his individual name without adding his title.

*Appeal from Linn Common Pleas.*

*A. W. Mullins*, for Appellant.

*G. D. Burgess*, for Respondent.

The deed of trust from Moore to Stephens and Stephens' deed to Dail were properly read in evidence, although the certificate of acknowledgment to the deed of trust may have

been void. It was good without any acknowledgment as between the parties thereto. Its execution was not denied by appellant, therefore there was no necessity of proving it.

As Stephens' name is attached to the deed, it is *prima facie* his deed. (Caldwell vs. Head, 17 Mo., 562 ; Cooley vs. Rankin, 11 Mo., 642 ; 2 Greenl. Ev., § 300. )

SHERWOOD, Judge, delivered the opinion of the court.

This was an action of ejectment in the Linn County Court of Common Pleas: The petition and answer were in the usual form.

At the trial the plaintiff Joseph O. Dail offered in evidence a deed of trust which purported to have been executed by William M. Moore the defendant, and to convey to George W. Stephens as trustee, the land in controversy.

The defendant objected to this deed being read in evidence on two grounds : First, that the certificate of acknowledgment purported to have been made, and the execution of the instrument acknowledged, before the grantee therein ; and that the certificate was therefore void. Second, that there was no evidence offered to otherwise establish the execution of the instrument.

The Court sustained the first ground of objection, but overruled the second, and the deed without any proof of its execution, was read in evidence. To the action of the Court in overruling his second ground of objection and in admitting the deed to be read in evidence, the defendant excepted.

The acknowledgment of the deed of trust appears to have been taken before George W. Stephens, the same person who is named in such deed as trustee.

The plaintiff next offered in evidence a deed from George W. Stephens, as trustee, to the plaintiff for the land sued for. To the reading of this deed in evidence, the defendant also objected on three grounds : First, that it was not properly acknowledged, the certificate of acknowledgment showing that Stephens acknowledged the execution of the instrument not as trustee, but in his individual right, without recognizing the

pretended deed of trust as authority to make the conveyance: Second, That there had been no evidence tending to prove the execution of the deed of trust mentioned in the last named deed: Third, that said deed was made by Stephens without authority and was void.

These objections were overruled, the deed read in evidence and the defendant excepted.

After the introduction of testimony as to rents and profits, plaintiff closed, and this was all the evidence.

Defendant then asked declarations of law covering the objections he had made on the trial, and these declarations being refused he excepted, and after an unsuccessful motion for a new trial he brings this case here by appeal.

The Court correctly decided that the acknowledgment of the deed of trust to Stephens, having been taken by himself, as Notary Public, was void. This point was thus expressly held in Stevens vs. Hampton, 46 Mo., 404.

But the Court manifestly erred in allowing that deed to be read without some evidence of its execution. (Hardin vs. Lee, *ante*, p. 241.)

As the deed of trust was improperly admitted, it follows that the plaintiff showed no title to the premises and judgment should have gone for the defendant.

There is but one remaining point, and that is the acknowledgment of this deed from the trustee to plaintiff. This I think was well enough; the deed was signed by Stephens as trustee and there was no necessity for the officer in making his certificate to describe him otherwise than by his name in the ordinary way.

Judgment reversed and cause remanded. The other judges concur.