————o————

ROBT. A. BLACK, Plaintiff in Error, *vs.* JACOB GREGG, *et al.*, Defendants in Error.

1. *Deed of trust—Acknowledgment before trustee—Deed as inter partes.*—Although the acknowledgment of a deed of trust, taken before one who is trustee in the instrument, is worthless, yet the deed is valid between the parties.

2. *Deed, acknowledgment of—Registration—Notice, etc.*—The acknowledgment of a deed becomes necessary, principally in order to obtain registration, for the purpose of imparting notice to third parties.

PER CURIAM—NAPTON & HOUGH, J. J., DISSENTING.

3. *Deed of trust, sale of land under, while maker was in Southern army—Bill to set aside, etc.*—A bill in equity will not lie to redeem lands sold under a deed of trust, on the ground that the maker was, when the land was sold, in the so-called Confederate service, and held as a prisoner by the United States Government, where it further appears that he had voluntarily entered the Southern army. (DeJarnette vs. DeGiverville, 56 Mo., 440, affirmed.)

*Error to Jackson Circuit Court.*

*Kinley & Kinley,* for Plaintiff in Error.

*Sheley & Woodson,* for Defendants in Error, cited DeJarnette vs. DeGiverville, (56 Mo., 440).

SHERWOOD, Judge, delivered the opinion of the court.

Black, the plaintiff, instituted this proceeding to redeem certain lands in Jackson County, sold at a trustee's sale. The case was submitted upon the following agreed statement of

facts: "That in order to secure J. M. Hughes & Jacob Gregg in certain indebtedness of R. A. Black, Black, in 1862, made a deed of trust with power of sale, conveying to Lucas, as trustee, certain lands in the petition described, and also, one portable saw-mill; that the deed of trust was acknowledged before said Lucas, as the clerk of the Circuit Court; that said deed was made for the benefit of J. M. Hughes & Jacob Gregg; that Black failed to pay off the debts in said deed specified; that Lucas, on the 13th day of May, 1865, sold all the property, both real and personal, described in the deed, when Wm. Chrissman, as the agent of Hughes & Gregg, purchased all the property, obtained a deed therefor, and afterwards conveyed the same to Hughes & Gregg. It is admitted, that on the day of sale, and during publication, Black was a prisoner, in the custody of the United States' authorities; that he had voluntarily entered the service of the so-called Confederate States of America, and was taken prisoner while in such service. It is admitted that the sale in all things was in conformity to the deed of trust. A copy of deed of trust attached, to show particulars in deed. No fraud charged."

Upon this agreed statement, the court found for defendants, and dismissed the petition; and this ruling is assigned for error.

Although the acknowledgment was worthless, (Stephens vs. Hampton, 46 Mo., 404; Dail vs. Moore, 51 Mo., 589,) yet the deed was valid between the parties, and the agreed statement admits its execution. The chief object of a certificate of acknowledgment, is, in order to admit the deed to registry. It is only where the rights of third persons intervene—*i. e.* purchasers etc. for a valuable consideration without actual notice—that recording a deed or other instrument becomes necessary; and under our statute, the due acknowledgment of the instrument, evidenced by a proper certificate thereof, is a condition precedent to registration.

As to the other point involved in the record, I shall content myself by merely referring to the recent case of DeJar-

nette vs. DeGiverville, (56 Mo., 440,) where the whole subject is elaborately and exhaustively considered ; as I am unable to add anything to the conclusive force and clearness which characterizes the reasoning of the opinion concurred in by a majority of the members of this court.

For these reasons it only remains to affirm the judgment of the court below. All the judges concur, except Judge Napton, who dissents.

Hough, Judge, delivered a separate opinion.

I concur in affirming the judgment in this case, but do not wish to be understood as yielding assent to the views enter-tained by the majority of the court in the case of DeJarnette vs. DeGiverville, (56 Mo., 440). Nor do I conceive that the questions discussed and decided there, arise in this case, as it does not even appear from the agreed statement, where Black and Hughes & Gregg were domiciled at the time of the exe-cution of the trust deed, or at the maturity of the notes se-cured thereby.

Napton, Judge, delivered the dissenting opinion.

I dissent from the opinion of the court in this case.