*V. A Andrew* and *F. A. Shepherd*, for plaintiff.

*J. T. Sullivan*, for defendants.

---

## RIGHTS UNDER A CHATTEL MORTGAGE.

[Circuit Court of Cuyahoga County.]

MERKEL BROTHERS' CO. v. VINCENT F. DE WITT.

Decided, October 28, 1901.

*Chattel Mortgages—Acknowledged Before Party in Interest—Does Not Affect Interest of the Party Making the Affidavit—Notice As to His Rights.*

While an officer before whom a chattel mortgage is executed, if interested therein could not maintain his interest against subsequent purchasers, yet such interest would not affect the rights of the party making the affidavit, to the extent of *his* interest in the debt secured by the mortgage.

40    CIRCUIT COURT REPORTS—NEW SERIES.

Merkel Bros.' Co. v. De Witt.          [Vol. III, N. S.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

Heard on error.

The plaintiff in error obtained possession of a piano under a chattel mortgage, which had been executed by one Williams to A. D. Coe. This mortgage was assigned by Coe to the plaintiff in error; it was good as against Williams but, by reason of not having been properly refiled, had become inoperative as against subsequent purchasers and mortgagees in good faith.

Before the mortgaged property had been taken possession of by plaintiff in error, and while said mortgage was so inoperative except as between the parties to it, Williams executed another mortgage upon the same property to the defendant in error; this was given on April 28, 1897, and, upon its face, purports to secure the payment of two promissory notes of that date, one for $138, and one for $61.09. DeWitt, on April 29, 1897, made the affidavit required by law to be made in order that a chattel mortgage shall be good as against subsequent purchasers and mortgagees in good faith; and on the next day the mortgage was duly filed with the proper officer. This verification was made before Charles Seeman, a notary public.

DeWitt brought an action in replevin against the Merkel Brothers' Company before a justice of the peace, and, after trial and judgment in that court, the case was appealed to the court of common pleas; it was there tried to a jury, and resulted in a verdict and judgment. in favor of DeWitt, to reverse which judgment this proceeding in error is prosecuted.

There is filed in this court a bill of exceptions containing all the evidence. It is urged there was error in the trial of the case in the court of common pleas.

The amended petition upon which the case was tried is an ordinary petition in replevin setting out that the plaintiff has a special ownership in the piano, which is described, by reason of the chattel mortgage made to him as hereinbefore mentioned; that the mortgage was properly filed, and that the defendant detains the mortgaged property from the plaintiff.

To that the Merkel Brothers' Company answered, setting up the mortgage executed to Coe; that the Merkel Brothers' Com-

pany had become the owner of such mortgage, and that, in an action in replevin brought by the plaintiff in error against the mortgagor, Williams, said company was adjudged to be the owner of the piano; and denies all the other allegations of the petition. The defendant in error replied to this answer by a general denial.

Upon the trial in the court of common pleas the claim was made by the plaintiff in error that the note for $138, mentioned in the chattel mortgage under which DeWitt claimed, was, in fact, owned at the time of the execution of that mortgage by Charles Seeman, before whom DeWitt made the verification of the mortgage. No contest was made but that the other note described in the mortgage was owned by DeWitt. Evidence was introduced on the part of the Merkel Brothers' Company, tending in some degree to show that this claim was well founded, and that Seeman was, in fact, the owner of the larger note.

It is possible that, under the evidence in the case, if this question had been submitted to the jury for a direct finding upon that issue, it would have so found. The question was not, however, submitted to the jury by itself, but the court charged the jury "that if at the time of the execution of this mortgage and if at the time of the commencement of this action, J. A. Williams was indebted to the plaintiff, and this mortgage was given to secure that debt, executed in good faith for that purpose, we think the plaintiff in this action, and so instruct the jury, would be entitled to recover possession of this property." Again, the court said to the jury:

"But we think that to entitle the plaintiff to recover, it must appear that Williams was at that time indebted to the plaintiff in some sum and that this mortgage was executed in good faith to secure it, and that such indebtedness existed at the time of the commencement of this action, that entitled the plaintiff to bring his action in replevin.

"If he had no valid claim, that is, if Williams was indebted to him in no sum, and this was given without any consideration, then the plaintiff would not be entitled to recover. Otherwise, he would be entitled to recover in this action—would be entitled to a verdict at the hands of this jury finding the right of possession in the plaintiff, with nominal damages."

42    CIRCUIT COURT REPORTS—NEW SERIES.

Merkel Bros.' Co. v. De Witt.    [Vol. III, N. S.

The court was asked, on behalf of the Merkel Brothers' Company, to charge the jury in these words:

"If the jury finds that Mr. Seeman at the time of the execution of the mortgage from Williams to plaintiff, had not sold his claim to plaintiff, and that the $138 represented by the note submitted in evidence was not due to plaintiff but was due to Mr. Seeman, the affidavit of plaintiff to mortgage is not sufficient to maintain the validity of the mortgage as against mortgagees in good faith."

This request the court refused to give.

At the close of the charge given, the court was further requested, on behalf of the Merkel Brothers' Company, to charge:

"That if the officer taking the verification was interested in the mortgage it is not a good affidavit."

And this the court declined to give.

It was agreed between the parties at the trial, that if the jury found for the plaintiff, he should have the piano, and that if the jury found for the defendant, it should have the piano. So that there was no question as to the amount of damages submitted to the jury.

It will be seen that the question is distinctly made, whether if Seaman, before whom DeWitt's verification of his mortgage was made, was at the time interested in any part of the debt secured by it, the mortgage was valid as against subsequent purchasers and mortgagees in good faith.

If the fact of interest or ownership by Seeman in the $138 note at the time of the verification of the mortgage would render the affidavit invalid, then the charge given by the court was erroneous, and the refusal of the requests hereinbefore quoted was erroneous because, as has already been said, the evidence was such that the jury might have found that Seaman was the owner of that note.

In refusing to give the last request, the court gave as a reason for such refusal that a verification was made later by DeWitt for the purpose of refiling the mortgage, before an officer not disqualified by reason of interest or otherwise.

It is plain that the court overlooked the fact that this last verification was made after the commencement of the action in replevin brought by DeWitt, so that that verification can cut no figure in the determination of the case here.

The law is settled beyond dispute, that a party to a deed or mortgage can not act as an officer to take the acknowledgment of such deed or mortgage. And it is held by many authorities that a party who has an interest in the property mortgaged or in the debt secured by such mortgage can not act as an officer in the acknowledgment of such instrument. The authorities, however, are not uniform upon this point.

In the argument it was assumed that the same rule which govern as to the verification of a chattel mortgage, under the statutes of this state, and, for the purposes of this case, it is proper, perhaps, to make such assumption, though the question is not here determined.

On the part of the defendant in error it is urged that whether Seaman was the owner of the $138 note or not, the verification made by DeWitt before him would be good and make the mortgage, when properly filed, notice to all the world of whatever interest DeWitt had in the debt secured by such mortgage.

That taking the acknowledgment of a deed or mortgage is held in Ohio to be purely ministerial and in no sense judicial, is settled by *Truman* v. *Lore,* 14 Ohio St., 144, where, on page 151, Judge Peck uses this language in his opinion:

"The magistrate does not exercise judicial functions in taking such acknowledgment. * * * His act, though official, is purely ministerial and the adverse party is not thereby precluded from showing the grantor's legal incapacity at the time."

In *Ford* v. *Osborne,* 45 Ohio St., Judge Minshall, at page 4 in the opinion, uses this language:

"To say that the taking of an acknowledgment of a deed is a ministerial and not a judicial act, is simply to say that it may be attacked collaterally; it does not impair its value as a certificate made by one acting under authority of law, not only in the matter of taking the acknowledgment but also in certifying the same."

In *Darst* v. *Gale*, 83 Ill., 137, the fifth paragraph of the sylla-
bus reads:

"The acknowledgment of a deed of trust taken by one of the
trustees is void as to such trustee, but, if the execution of the
deed is proved, this will cure the defect."

And, in the opinion, at page 143, this language is used by the
court:

"The acknowledgment was taken by Grove, one of the parties
named as trustees.  This unquestionably rendered the deed void
as to him, but we fail to comprehend how it affected the deed
as to the other trustees.  He and they had no community of
interest, and his becoming disqualified had no tendency to dis-
qualify them."

In *Dussaume* v. *Burnett*, 5 Iowa, 95, it is said in the syllabus:

"An individual owning an interest or share in a tract of land,
is not so far interested in the entire land, as to prevent him,
in his official character, from taking the acknowledgment of a
deed conveying to a third party another and distinct interest or
share in the same land:

"The fact that the grantee in a deed and the party before
whom the deed was acknowledged had an agreement or under-
standing that each should purchase distinct shares in the same
land with a view to a joint speculation, might be a circumstance
tending to show fraud or a fraudulent combination to impose
upon the grantors, but in itself would not be sufficient to vitiate
the deed."

In *Wilson* v. *Traer & Co.*, 20 Iowa, 231, the syllabus reads:

"An acknowledgment of an instrument taken and certified
by a person interested in it as grantee, should not be admitted
to record; and a record thereof would not operate as constructive
notice to a subsequent purchaser."

In this case the mortgage was to J. W. Traer & Co.; the ac-
knowledgment was before J. W. Traer, a notary public, who
was also a member of the firm to which the mortgage was made.
And the holding is distinctly to the effect that though it does
not distinctly appear from the instrument itself, that the officer
before whom the acknowledgment was made, was interested in
the mortgage, yet when that fact does appear, the mortgage

must be held to be void; and a number of authorities are cited in support of the proposition.

In the case of *Titus* v. *Johnson*, 50 Texas, 224, the fourth paragraph of the syllabus reads:

"The effect of the record of an instrument concerning lands, on its face regularly acknowledged, or proved for record and duly recorded, can not be attacked by showing that the officer who took the acknowledgment or proof had an interest in the land."

And in the opinion in this case, on page 240, this language is used:

"But here we are asked to hold the record of a deed ineffectual for the purposes for which it was required by law to be made, though in all respects apparently correct and in strict accordance with law on parol evidence adduced by subsequent purchasers long after the deed was recorded, to impeach not the genuineness of the instrument or the verity of the facts stated in the certificate, but to prove matters wholly extraneous thereto, with the view of showing that the officer by whom the certificate was made did not possess the capacity to give the certificate, or was not acting within the sphere of his duty. * * * Certainly we do not feel inclined, in the absence of authority in its support, to give our sanction to a doctrine so detrimental, in our opinion, to public interest, and so well calculated to undermine and destroy the foundation upon which the holders of recorded titles now rest in security."

In *Benson* v. *Olaf T. Hove*, 46 Minn., 40, the second paragraph of the syllabus reads:

"A chattel mortgage is valid between the parties without acknowledgment. For the purposes of record, it must be acknowledged; but where it does not appear from the instrument that the officer taking the acknowledgment is legally disqualified by reason of his interest in the estate or property mortgaged, the instrument may properly be received for record and such record will be notice to subsequent creditors and mortgagees."

The case of *National Bank* v. *Conway*, 1 Hughes, 37, is a case decided by the United States Circuit Court for the Eastern District of Virginia. In the opinion, page 40, Judge Hughes uses this language:

"The teaching of the cases cited at bar seems to me plainly to be that an interested person may take the acknowledgment of a deed when the act is merely ministerial, though if the act be judicial, such as taking the acknowledgment after privy examination of a married woman, an interested party can not take it."

In *Stevens* v. *Hampton,* 46 Mo., 408, this language is used in the opinion:

"In view, then, of the acknowledgment as affecting the right of record and the question of constructive notice, the following would seem to be a reasonable rule: That when the recorded instrument shows upon its face that the acknowledgment was taken by a party, or party in interest, it is improperly recorded, and is no constructive notice; but when it is fair upon its face, it is the duty of the register to receive and record it, and its record operates as notice, notwithstanding there may be some hidden defect."

In the case at bar the instrument, upon its face, appears to be, in all respects, properly executed and the affidavit taken before a proper officer. That such officer, if interested, could not maintain an interest in the mortgage as against subsequent purchasers seems to be well settled, but how his interest should affect the rights of the party making the affidavit, to the extent of *his* interest in the debt secured by the mortgage, we fail to see. No one is prejudiced by holding that the mortgage was notice of *his* rights in the property. And from the authorities cited, and many others, it is clear that many courts of high standing have so held. And we hold that whether Seeman owned the $138 note or not, it being conceded that DeWitt was the owner of the smaller note, the mortgage as to him, to the extent of such ownership, was notice to the world. The result is, that the judgment of the court of common pleas is affirmed.