MARTHA E. STEVENSON, Appellant, v. L. P. BROWN et al.

Division One, March 2, 1915.

1. APPEAL: Abandoned Issues. If respondents in their brief say nothing about the unpleaded issue of adverse possession, and apparently treat the case as if the evidence failed to show adverse possession, that issue will be considered as having been abandoned.

2. **TAX SUIT: Publication to Defendant by Initials Only: Jurisdiction.** Where the deed in the recorder's office shows title in the full name of the non-resident grantee, and a tax suit is brought against such grantee, by publication, which is the only thing that confers jurisdiction, in which the initials of the grantee only are used, no title passes by a sale under a judgment rendered in pursuance to such published notice. Where the land was deeded to Martha E. Stevenson, an order of publication to M. E. Stevenson gave the court no jurisdiction of the grantee in the suit for taxes, and the judgment and sale were both void.

3. ————: ————: **Estoppel: Deeds to Other Lands by Initials.** A defendant in a suit for taxes may be estopped to complain that the order of publication was not directed to her by her full Christian name, but by her initials only, where the particular land in suit was deeded to her by her initials only. But where she is sued by her initials only she is not estopped to dispute the validity of the tax judgment and sale, by the fact that other lands were deeded to her by her initials only. Where the particular land involved in the tax suit was conveyed to Martha E. Stevenson, she is not estopped to dispute the sufficiency of an order of publication directed to M. E. Stevenson, or to contend that such publication conferred no jurisdiction on the court, by the fact that the records show that other lands in the county were deeded to her in the name of M. E. Stevenson.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*W. P. Elmer, R. L. Horsman* and *C. M. Buford* for appellant.

(1)   Martha E. Stevenson was a non-resident of Missouri and was the owner of the land in dispute, and the deed records showed the title in her name. The tax petition, order of publication, proof of the publication, judgment, and deed were all against M. E. Stevenson; hence the judgment was void, and the deed conveyed no title. Shuck v. Moore, 232 Mo. 649; Stanton v. Thompson, 234 Mo. 7; Ohlman v. Sawmill Co., 222 Mo. 62; Evarts v. Lumber Co., 193 Mo. 433; Gil-

lingham v. Brown, 187 Mo. 181. (2) Accepting title deed to other lands and placing such deed of record does not estop plaintiff from questioning the court's jurisdiction in the tax case proceedings. Shuck v. Moore, 232 Mo. 649.

*McGee & Bennett* and *G. C. Dalton* for respondents.

(1) That the case at bar comes clearly within the exception to the general rule, is evident from the language of the court in the cases of Vincent v. Means, 184 Mo. 337, and Mosely v. Riley, 126 Mo. 130. (2) The fact that appellant in this case has accepted deeds to other land in the name of "M. E. Steveson" and recorded them upon the deed records of Dent county, and so designated herself upon the said deed records of Dent county, would estop her from now saying that publication against her in that name was not notice. (3) Acquiescence by the record owner in the tax judgment sale and deed for twenty-five years (thirty-six years in case at bar) is not entirely without significance. The law rewards the diligent. Morrison v. Turnbaugh, 192 Mo. 447.

GRAVES, P. J.—Statutory action to ascertain and determine title to certain lands in Dent county. Petition is in ordinary form under the statute. The answer is not in the usual form, but contains (1) a general denial, (2) an admission that defendants claim title to the land, and a denial of all other allegations, and (3) the following:

"Defendants further aver that plaintiff has no right of action against them, in that this action for the recovery of lands sold for taxes was not commenced within three years from the time of recording the tax deed under which defendants claim title, and that under and by virtue of the provisions of section 11506a

of the Revised Statutes of Missouri, 1909, plaintiff is expressly barred from maintaining this action.

"Wherefore, defendants pray judgment in said cause with their costs sustained."

No reply is found in the record, but the cause proceeded as if one had been filed. Judgment was for defendants, and plaintiff has appealed.

It was admitted in open court that the common source of title was Martha E. Stevenson. Plaintiff offered a deed from William Burns to Martha E. Stevenson dated December 27, 1872, recorded June 7, 1873, and thus rested her case.

Defendants then offered in evidence, over the objection of plaintiff, a sheriff's deed to Jno. E. Organ, in a tax suit against M. E. Stevenson. The suit was against M. E. Stevenson, and the judgment was entered in April, 1879, covering the lands in dispute here. It was then admitted that defendant, L. P. Brown, had, by mesne conveyances, acquired whatever title passed by this sheriff's deed, and had paid the taxes thereon for the past ten years. Over the objection of the plaintiff the defendant put in evidence a deed to M. E. Stevenson to other lands in Dent county, made in 1875, for the purpose of showing that title was taken and accepted by her in the name of M. E. Stevenson. In rebuttal the plaintiff placed in evidence all papers in the tax suit, and they show the use of the name of "M. E. Stevenson" throughout. The service was by publication.

There was an attempt to show adverse possession, but this was not pleaded, and the proof failed anyway. Such other matters as may be pertinent will be noted in the course of the opinion.

I. In their answer the defendants plead section 11506a, Revised Statutes 1909, as a bar to the action.

Abandoned Issues.
They also introduced upon trial some facts which they evidently thought tended

to show adverse possession. The section of the statute pleaded seems to have had a checkered career, and the facts shown on trial totally fail to show adverse possession, even if there had been a proper claim of title by adverse possession in the answer. In the brief of learned counsel for the respondents they say nothing about either of these questions, and we therefore take them as abandoned claims. We take it that learned counsel reached the conclusion that there was no merit in these two claims, and they having abandoned their own off-spring, it is not for the court to nurture them to life. These matters we therefore pass, and go to the contested question of the case.

II.   Plaintiff claims that the tax judgment is void upon its face, and that the tax deed thereunder is void. If this be true she has never been divested of title to this land, and the judgment *nisi* is wrong.

It stands admitted that this land was deeded to plaintiff in the name of "Martha E. Stevenson." It clearly appears that she was sued as a non-resident under the name "M. E. Stevenson." The tax petition so designated the defendant therein. The order of publication (which is the one thing which confers jurisdiction), runs in the name of "M. E. Stevenson." In fact from the beginning to the end of this tax proceeding the name of "M. E. Stevenson" was used, instead of the right name "Martha E. Stevenson." During all this time the record owner of this land was Martha E. Stevenson. In recent opinions this court has been very firmly fixed upon the doctrine that where the title to land stands in the full name of the grantee, and the tax proceeding is brought against the grantee, by publication, using the initials of the grantee's name only, no title passed by a sale under such tax proceeding. This is the fixed and well-

*Order of Publication: Name of Defendant.*

defined rule of this court at this time, barring a question of estoppel, to which we will advert later.

In the very late case of Shuck v. Moore, 232 Mo. l. c. 656, LAMM, J., said:

"So here, no one can read the answer in this case and the record without seeing that the trial proceeded on the admission and assumption there was an order of publication in the tax suit; that the judgment was based on the order; and that Wells was notified in that order merely by the initials of his Christian name.

"In that view of it, the case was wrongly decided; for the tax judgment was void for want of jurisdiction and the tax deed following falls with the judgment.

"In Gillingham v. Brown, 187 Mo. 181, the true name of the defendant was Aubrey H. Gillingham. Publication was had against 'A. H. Gillingham.' The judgment was held bad for want of jurisdiction. In Spore v. Ozark Land Co., 186 Mo. 656, publication was made against William D. Spore by the name of 'W. D. Spore.' The cases were reviewed and the same conclusion announced. See, also, Burkham v. Manewal, 195 Mo. l. c. 506; Turner v. Gregory, 151 Mo. 100; Ohlmann v. Sawmill Co., 222 Mo. 62; Stanton v. Thompson, handed down at this delivery, 234 Mo. 7.

"Service of process by publication is in derogation of common law, is a creature of statute, is harsh at best and highly technical; hence must be strictly pursued. Our revenue laws contemplate that tax suits shall be brought against the record owner by his true name. [R. S. 1909, sec. 11498.]

"The judgment should be reversed and the cause remanded with directions to enter a decree for plaintiff."

Again in the still more recent case of White v. Granley, 236 Mo. l. c. 648, this court through BLAIR, C., said:

"Appellant's claim of title depends wholly upon the validity of the proceedings in the attachment suit

brought by him against respondent in 1905. Necessarily, also, the validity of those proceedings depends in the first instance, upon the efficiency of the order of publication in that case. This court has uniformly held (Skelton v. Sackett, 91 Mo. 377; Vincent v. Means, 184 Mo. l. c. 344; Williams v. Lobban, 206 Mo. l. c. 408; Evarts v. Lumber & Mining Co., 193 Mo. l. c. 449; Proctor v. Nance, 220 Mo. l. c. 112; Spore v. Land Co., 186 Mo. l. c. 660; Turner v. Gregory, 151 Mo. 100) that, except in cases presenting certain elements of estoppel, publication directed to a defendant by initials in lieu of his Christian name, is wholly insufficient and a judgment rendered pursuant to such void publication is itself void. There is nothing in the record which brings this case within the exception mentioned.''

Under these holdings the tax judgment and deed made thereunder in the case at bar are void, and the title to the land in dispute is yet in plaintiff, unless there is something in the way of an estoppel as is urged in the brief of defendants.

Defendants rely upon the cases of Vincent v. Means, 184 Mo. 337, and Mosely v. Reily, 126 Mo. l. c. 130. The contention of defendant is that as

Estoppel.

it appears in this record that the plaintiff had received deeds to other lands in the county in the name of "M. E. Stevenson," she is estopped from denying the validity of the notice by publication in the tax proceeding involved in the case at bar. We do not think that these cases go to the extent contended for by defendant. Had the plaintiff received the title to the land here involved in the name of "M. E. Stevenson" she would be clearly estopped under these cases. The reason for the rule is found in the statute itself, which requires these tax suits to be brought against the record owner. The question was fully discussed by GANTT, P. J., in Turner v. Gregory, 151 Mo. l. c. 105. It was there said:

"When, therefore, the question of the sufficiency of the order in the Elting case was presented to the court, this court looked to the record and found that the record owner was R. O. Elting. Hence while it was true that while the owner of this land was named Richard O. Elting, he was entitled to have notice by that name, yet if of his own accord he saw fit to take the title to his land by the name of R. O. Elting and place it of record, this was an assertion that as owner of that land his name was R. O. Elting, and when sued by that name for taxes on that land, he was estopped to say that his initials were not a sufficient designation of himself. We have then as to this class of cases a reasonable rule for the determination of this question of the name of the owner."

That rule is, that if a person takes and puts of record a deed to land with his initials instead of the full name, he will be estopped from claiming the insufficiency of a notice giving his name, as found in the recorded deed, in a tax suit to enforce the lien of the State as against this particular tract of land. As to that tract of land he may be said to have adopted, as for his own, the name in the deed. But this doctrine of estoppel cannot be carried further. Thus in the Turner case, supra, it was sought to invoke the doctrine contended for here, by showing that Turner used the name Vaughn or his initials "S. V." in other business transactions. This was held to be of no avail. This court in this same Turner case (151 Mo. 1. c. 106) discusses the Mosely case, relied upon by defendants, and says:

"In Mosely v. Reily, 126 Mo. 124, it will be observed the landowner had been sued by his correct initials and judgment obtained and the land sold. Subsequently by the same initials he conveyed the land to a third person who sued the purchaser at the tax sale. When Mosely, the purchaser from Clements, brought ejectment and came into court and claimed title under C.

T. Clements, we think he was clearly estopped from denying the validity of a judgment against his grantor by the same name which that grantor used in conveying him the land. That case was decided correctly upon the principles of estoppel. [City Council v. King, 4 McCord, 487.]''

But throughout these cases will be found the idea that the estoppel does not arise, unless as to the particular land involved in the tax case some act has been done which would estop the party from saying that, as to that tract of land, he had no notice.

In the case at bar the evidence of how other lands were conveyed to plaintiff does not estop her from denying the validity of the notice in this tax suit, wherein the land involved stood of record in the name of Martha E. Stevenson. It follows from what has been said that the judgment should be reversed, and the cause remanded to be proceeded with in accordance with the views of the law here expressed. It is so ordered. All concur, *Bond, J.*, in the result.