J. WALKER WOOLRIDGE et al., Appellants, v. LA-CROSSE LUMBER COMPANY.

Division Two, December 31, 1921.

1. **DEED OF TRUST:** Acknowledged Before Trustee: Effect. An acknowledgment of a deed of trust before its trustee is a nullity, but the deed of trust itself is nevertheless valid between the parties and those having actual notice.

2. ———: ———: Recording: Constructive Notice. If a deed of trust contains an apparent fatal defect in its acknowledgment the recorder should not receive it, and if recorded its record is not constructive notice; but if the defect is not apparent to the recorder, it is his duty to receive it, and when recorded its record becomes constructive notice.

3. ———: ———: Thomas K. and T. K. Shelby: Constructive Notice. Where T. K. Shelby was named in the deed of trust as trustee and the acknowledgment was taken before Thomas K. Shelby, notary public, there was no such apparent fatal defect as justified the recorder in refusing to receive the instrument, and its record operated as constructive notice.

4. ———: ———: ———: Identity of Names and Person. No presumption of identity of person arises from identity of Christian names, although the surnames are the same; and where the surnames are the same, and a full Christian name is prefixed to one and only initials to the other, the courts require proof to establish identity of person.

5. ———: ———: Officer's Duty: Presumption. Everything done by an officer in connection with the performance of an official act in the line of his duty is presumed to have been legally done,

and absent proof to the contrary is presumed to have been rightfully and lawfully done.

6. ———: ———: **Actual Notice.** A purchaser from the grantor in a deed of trust with actual knowledge of its existence, cannot complain that it was defectively acknowledged; and actual knowledge of the existence of the instrument may be inferred from facts and circumstances.

7. ———: ———: **Suit to Quiet Title: Decree.** In a suit to quiet title, the pleadings being in conventional form, where plaintiff bought from the grantor in a deed of trust which was acknowledged before the trustee named therein, the court, upon a finding that the record of said instrument imparted constructive notice and that plaintiff had actual knowledge of the existence of the instrument, may by its decree divest the title out of plaintiff and and vest it in defendant.

Appeal from Montgomery Circuit Court.—*Hon. E. S. Gantt*, Judge.

AFFIRMED.

*Emil P. Rosenberger* and *Glover E. Dowell* for appellants.

(1) A deed of trust acknowledged before the trustee is a nullity and the record thereof is not constructive notice to subsequent purchasers. Stephens v. Hampton, 46 Mo. 404; Dale v. Moore 51 Mo. 589; Black v. Grigg, 58 Mo. 565; Hainey v. Alberry, 73 Mo. 427; German-American Bank v. Real Estate Co., 150 Mo. 571. (2) Mere vague conjectures made by persons and not made in the transaction out of which the deeds in question originated, or vague and flying rumors by strangers, do not constitute actual notice. Morris v. Juden, 145 Mo. 300.

*Matson & Cowherd* and *W. C. Hughes* for respondent.

(1) A deed of trust acknowledged before the trustee therein, wherein its execution is duly proved, is good between the parties thereto and those claiming under them. Bennett v. Shipley, 82 Mo. 448; Stevens v. Hampton, 46

Mo. 404. (2) When a deed is fair upon its face it is the duty of the recorder to receive and record it, and its record operates as notice, notwithstanding there may be some hidden defect. Stevens v. Hampton, 46 Mo. 408; Ammerman v. Linton, 214 S. W. 173. (3) Actual notice of the existence of a deed does not mean direct evidence that the subsequent purchaser actually knew the deed was in existence; but any proper evidence tending to show it, facts and circumstances coming to his knowledge that would put a man of ordinary prudence on his inquiry, will suffice. State Bank v. Frame, 112 Mo. 502; Wilcox v. Phillips, 260 Mo. 685; Maupin v. Emmons, 47 Mo. 304; Morris v. Juden, 145 Mo. 282; Griffin v. Railway Co., 82 Mo. App. 93; Werner v. Litzsinger, 45 Mo. App. 106; Rhodes v. Outcalt, 48 Mo. 370; Drey v. Doyle, 99 Mo. 459, Black v. Gregg, 58 Mo. 565; Voelpel v. Phoenix Ins. Co., 183 S. W. 681; Whitecotton v. Wilson, 197 S. W. 168, 1. c. 171. (4) Nor is it necessary that notice of the exact nature of the lien should be shown, provided notice of a lien is shown, the nature of which the person sought to be charged could have easily ascertained by inquiry. Werner v. Litzsinger, 45 Mo. App. 106; Bronson v. Wanzer, 86 Mo. 408; Meier v. Blume, 80 Mo. 184; Tate v. Sanders, 245 Mo. 217; Wilcox v. Phillips, 260 Mo. 685. (5) Notice of an unrecorded conveyance is not necessary as against a subsequent grantee who is not a purchaser for value. Aubuchon v. Bender, 44 Mo. 560; Maupin v. Emmons, 47 Mo. 304; Rice v. Bunce, 49 Mo. 231; Briggs v. Henderson, 49 Mo. 531; Bailey v. Winn, 101 Mo. 649; Ins. Co. v. Smith, 117 Mo. 261.

REEVES, C.—Action to ascertain and determine interest in real estate under the provisions of Section 1970, Revised Statutes 1919. The real estate involved is described as "all of 44 feet off of the southeast side of lot one of block four of Ellis Addition to the city of Wells ville, formerly town of Wellsville, fronting on Sturgeon Street 44 feet and running back to the alley in said block 120 feet, and all being in Montgomery County, Missouri."

The petition alleges that one Mary Mottz was the owner of said property on November 20, 1913, and that through *mesne* and intermediate conveyances, all fully described in the petition, appellants (plaintiffs below) acquired title to said property, and asserted that the respondent (defendant below) claimed some right, title and interest to said real estate. Appellants prayed for an ascertainment and determination of the interests of all parties to said real estate.

Respondent's answer joined appellnts in the allegation that Mary Mottz was the owner of the said property prior to November 20, 1913, and then alleged that on that day she conveyed said property to J. H. Dungan and Maggie A. Dungan, as also alleged in appellants' petition. The answer then alleged that J. H. Dungan and Maggie A. Dungan on the same day they received a deed from Mary Mottz executed and delivered their certain promissory note in the sum of thirty five hundred dollars, payable to the order of Mary Mottz, and to secure same executed and delivered their deed of trust on said property; and that all the *mesne* and intermediate conveyances set up in appellants' petition were made subject to the said deed of trust, and that default having been made in the payment of said note for thirty five hundred dollars, under the provisions of said deed of trust the property was sold, and at said sale the respondent became the purchaser.

Appellants' reply denied knowledge of the execution and delivery of the deed of trust from J. H. Dungan and wife, but said that if executed and delivered, as alleged by respondent, such deed of trust was a nullity, void at law and of no legal force and effect; further alleging that said deed of trust was improperly recorded, was not entitled to record and was not notice to appellants and those under whom they claimed title to the real estate, and further replying appellants denied that the conveyances, under which they claim, had been made subject to the deed of trust set up in respondent's answer, and they affirmed that they had acquired title to said real

estate without notice of the deed of trust pleaded by respondent.

The testimony supported the allegations of the pleadings on both sides so far as the execution and delivery of the instruments pleaded were concerned. It appeared that on November 20, 1913, Mary Mottz conveyed to J. H. Dungan and wife by general warranty deed, and on the same day Dungan and wife executed their deed of trust on said property to secure the payment of a note for thirty five hundred dollars. That thereafter, to-wit, on November 26, 1913, Dungan and wife conveyed by general warranty deed to George E. Austin, and that Austin and wife on March 27; 1914, by general warranty deed conveyed to Henry Roppel, and that the deed from Austin to Roppel contained the following: "That said premises are free and clear of any encumbrances done or suffered by grantors or those under whom they claim, except the following: *A deed of trust for $3500, held by Mary Mottz.*" (The italics are ours.)

Thereafter, to-wit, on August 21, 1916, by general warranty deed, Roppel and wife conveyed to William H. Hobbs, said deed of conveyance containing the following: "*This property is sold subject to a deed of trust for $3500 to Mrs. Mary Mottz, of Wellsville, Missouri, which the second party fully assumes and agrees to pay, together with all accumulation of interest on same from the date of this deed.*" (The italics are ours.)

Thereafter on April 7, 1917, Hobbs and wife executed their deed of trust on said property to secure appellant, Charles E. Wright, on their note to him in the sum of eight hundred dollars.

This deed of trust contained the following recital: "*This deed of trust is made subject to a prior deed of trust in the sum of $3500 to Mrs. Mary Mottz of Wellsville Missouri.*"

Subsequently, to-wit, on January 16, 1918, Hobbs and wife gave to appellant Woolridge a quitclaim deed, but said deed being defective and irregular another was executed between the same parties on March 22, 1919. The

property was sold under the deed of trust given by Dungan and wife to Mrs. Mottz, and on February 9, 1918, the Sheriff of Montgomery County, as sheriff and trustee, executed and delivered a deed to respondent, conveying said property to it. At the opening of the trial, the record recites as follows:

"Before announcing ready for trial it was agreed by and between counsel for plaintiffs and defendant, as an admitted fact in open court, that J. H. Dungan and Maggie A. Dungan actually signed the deed of trust to Mrs. Mary Mottz, being the deed of trust in issue in this case; and it was further agreed between counsel for plaintiffs and defendants, an admitted fact, in open court, that Thomas K. Shelby, the notary who took the acknowledgment to the deed of trust in question, and T. K. Shelby the grantee named therein, are and were one and the same party."

And thereafter appellants' counsel interposed the following objection to the introduction of the deed of trust from Dungan and wife in evidence:

"MR. ROSENBERGER: Now, Your Honor, the plaintiffs and each of them object to the introduction of defendant's 'Exhibit No. B' for the following reasons: Defendant's 'Exhibit No. B' which they seek to introduce is a certain deed of trust in which one T. K. Shelby is named as trustee, which purports to have been acknowledged and was acknowledged before Thomas K. Shelby, notary public.

"THE COURT: Who is the trustee?

"MR. ROSENBERGER: T. K. Shelby, Thomas K. Shelby, notary public. It stands as an admission in this case that Thomas K. Shelby, the notary public, and T. K. Shelby, the trustee, are one and the same person; therefore we object to the introduction of this deed of trust for the following reasons: The conveyance and deed of trust acknowledged before the trustee is a nullity and the record thereof is not constructive notice to subsequent purchasers. For the further reason: The certificate of acknowledgment purports to have been made and it was

actually made and the execution of the instrument ac-
knowledged before the grantee therein, the trustee, and
the certificate of acknowledgment is therefore void. And
in support of these objections we cite Your Honor to the
cases of Stevens v. Hampton, 46 Mo. 404; Dail v.
Moore, 51 Mo. 589; Black v. Gregg, 58 Mo. 565; Hainey v.
Alberry, 73 Mo. 427; and the case of German-American
Bank v. Carondelet Real Estate Co., 150 Mo. 571, this
same case also found in 51 S. W. 691.''

The evidence showed that appellants' counsel, Mr.
Rosenberger, had represented Mrs. Mottz at the sale of
said property under the Dungan deed of trust, and that
appellant Woolridge had interviewed him in an effort
to have the sale deferred; that at the time appellant
Woolridge, who was a licensed lawyer, acquired title to
the said property, he had in his possession and had
examined an abstract of title to said property, which dis-
closed the Dungan deed of trust and there was other
testimony tending to show actual knowledge of the exist-
ence of said deed of trust at the time he received his
quitclaim deed from Hobbs. As may be noted from the
agreement of counsel made at the opening of the trial
and from the objection to the introduction of the Dungan
deed of trust, the only question in this case is as to the
efficacy of the Dungan deed of trust to give constructive
notice in view of a defect in the acknowledgment of the
grantors in said deed of trust, thereby, as it is claimed,
rendering said deed of trust ineligible for record.

I. It may be stated at the outset that an acknowl-
edgment before a trustee or other party interested in
a deed is a nullity. [Stevens v. Hampton, 46 Mo. 404;
Dail v. Moore, 51 Mo. 589; Black v. Gregg,
**Acknowledgment.** 58 Mo. 565; Hainey v. Alberry, 73 Mo.
427; German-American Bank v. Carondelet Real Estate
Co., 150 Mo. 571.] But this does not mean that the deed
of trust itself is a nullity. It is valid as between the
parties and those having actual notice (Elsea v. Smith,
273 Mo. 396), and this is true even if the formalities of

an acknowledgment had not been attempted. [Schroeder v. Turpin, 253 Mo. 258, l. c. 270; Vincent v. Means, 207 Mo. 709, l. c. 715.]

II. The next question in the case is whether or not the deed in question was improperly recorded and when recorded whether or not it gave constructive notice.

Constructive Notice.
It may be conceded that if the deed was improperly received by the recorder, because of an apparent fatal defect, the record of such instrument would not be constructive notice. [Stevens v. Hampton, supra; Dail v. Moore, supra.] On the other hand, if the defect in said acknowledgment was not apparent to the recorder, then it was his duty to accept it and when recorded it became constructive notice, even though it contained a hidden defect that nullified it. [Ammerman v. Linton, 279 Mo. 439, l. c. 453.]

The rule is that where an instrument bearing a certificate of acknowledgment or proof which is regular upon its face is presented to the recording officer, it becomes his duty to receive and record it and the record thereof will operate as constructive notice, notwithstanding there be a hidden defect in the acknowledgment. [Ammerman v. Linton, supra, l. c. 454; 1 Cyc. 530; 1 C. J. 773.] In the Ammerman Case, supra, l. c. 454, the court aptly said: "The rule is a sensible one. The recorder of deeds cannot hold inquiry as to defects not apparent upon the face of the instrument."

III. We now inquire whether the acknowledgment in question contained an apparent defect. T. K. Shelby

Identity of Names.
was named as trustee and the certificate of acknowledgment was executed by Thomas K. Shelby, Notary Public. There is a presumption of identity of persons where the names are the same, but no such presumption prevails as between the Christian name of one and the initials of another, the surnames being the same. [Stevenson v. Brown, 264 Mo. 182.]

In all the cases the courts have looked to the proofs

where it was sought to show the identity of a person where the initials were used at one time and the full Christian name at another. [Elrod v. Carrol, 202 S. W. 4; Birch v. Rogers, 3 Mo. 227; Gray v. 'Missouri Lumber & Mining Co., 177 S. W. 595.] Even where the names are the same, the presumption of identity is very fragile and may be shaken by the slightest proof. [Keyes v. Munroe, 266 Mo. 114.] In this case appellants did not rely upon the presumption of identity of parties, for at the outset it was agreed "as an admitted fact, in open court, that Thomas K. Shelby, the notary who took the acknowledgment to the deed of trust in question, and T. K. Shelby, the grantee named therein, are and were one and the same party."

If the presumption of identity arose sufficiently strong to justify the recorder in rejecting the instrument and to render it inefficacious as constructive notice, then why the necessity of this solemn agreement in court as a basis for the action of the court? If clear to the recorder and clear to the public that the trustee and notary were the same, it should have been equally clear to the court without this agreement. In other words, the court *nisi* could not proceed in an adjudication of the case without proof of the fact or an admission of the fact, and if such was necessary for the court, undoubtedly it would have been necessary for the recorder and the public, and we therefore rule that the deed of trust in question, though containing a defect, which nullified the acknowledgment, was properly recorded under the circumstances and when recorded became effective as constructive notice.

IV. Moreover, it is to be presumed that everything done by an officer, in connection with the performance of an official act in the line of his duty, is legally done and *a fortiori* absent proof to the contrary, all things are presumed to have been rightfully and lawfully done. [22 C. J. 130; Chilton v. Metcalf, 234 Mo. 27; Chlanda v. Transit Co., 213 Mo. l. c. 261; Gass v. Evans, 244 Mo. 329, l. c. 343; Hartwell v. Parks, 240 Mo. 537.]

*Official Duty.*

V. It is unnecessary, in view of our ruling on the question of constructive notice, to go further, and yet the testimony in the case showed that plaintiff had actual knowledge of the deed of trust in question. He was a lawyer. He had in his possession the abstract of title to said property which he examined, and that abstract disclosed to him the existence of the deed of trust, and he then considered it constructive notice. Again the chain of title, under which he held, contained references to the deed of trust, and his grantor Hobbs had accepted said property subject to said deed of trust, and which, in his deed, he had assumed and agreed to pay, and appellant Wright had in like manner taken a deed of trust, subject to the deed of trust in question, and, moreover, appellant Woolridge had solicited an extension of time in the sale of said property, under said deed of trust, and had recognized its validity until after the sale of the property, and then by chance was advised by one of his attorneys here, who had been attorney for the holder of said deed of trust, and who had championed its validity then, that it was defective.

We hold, therefore, appellants had actual knowledge of said deed of trust, and its admission in evidence was not error.

VI. Appellants argue that the judgment of the court is not responsive to the issues raised by the pleadings. This contention must be ruled against them. Upon the pleadings in the case it was the duty of the court in accordance with the prayers of the petition and answer, to ascertain and determine the interest of the parties respectively in said property. This the court did, divesting appellants and adjudging the title in respondent, and in so doing entered a proper judgment, and we affirm the same. *Railey* and *White, CC.,* concur.

Decree.

PER CURIAM: The foregoing opinion by REEVES, C., is adopted as the opinion of the court. All of the judges concur.