# FIRST NATIONAL BANK OF STRONGHURST, ILLINOIS, v. CHARLES W. KIRBY et al.; ADDA KIRBY, appellant.

### Division One, December 20, 1916.

1. **DOWER: Legal Estate.** In the enactment of the Married Woman's Act of 1889 (Sec. 8304, R. S. 1909) it was not intended by the General Assembly to classify the inchoate right of dower as the separate property or legal estate of a married woman, so as to make it liable, on execution, for the payment of her debts. And if not liable under execution for the payment of her debts she cannot convey it by a deed in which her husband does not join. Inchoate dower is a contingent right, is in no sense a vested right growing out of the marriage contract, but a mere expectancy or possibility incident to the marriage relation, contingent on her surviving her husband. [Distinguishing Farmers Exchange Bank v. Hageluken, 165 Mo. 443.]

2. ———: ———: **Conveyance by Unacknowledged Mortgage.** An unacknowledged mortgage, signed by a married woman and her husband, is ineffectual to convey her inchoate dower. The Legislature, by repealing Sec. 901, R. S. 1899, and reenacting it, in the same language, in 1905, it now being Sec. 2788, R. S. 1909, which requires the husband and wife to join in a deed relinquishing her dower and acknowledge the same, must have had section 8304 of the Married Woman's Act in contemplation.

3. ———: ———: **Determined by Pleading.** Although it was announced on a former appeal, in discussing the issues which it was anticipated would come up on a re-trial of a suit to foreclose a mortgage signed but not acknowledged by a husband and wife, that if they were tenants by the entirety, as was set up in her answer at the first trial, her act in signing the unacknowledged mortgage with her husband and delivering the same passed her interest as tenant by the entirety, yet if after the case was remanded, plaintiff dismissed that suit and brought another, in which the pleadings conceded she has only an inchoate right of dower, it will be held, on an appeal from the judgment in this last case, that the unacknowledged mortgage was ineffectual to convey that right.

Appeal from Knox Circuit Court.—*Hon. Charles D. Stewart*, Judge.

REVERSED AND REMANDED (*with directions*).

*O'Harras, Wood & Walker, J. C. Dorian* and *Boyd & McKinley* for appellant.

(1) The findings of fact and judgment in the former suit, case No. 6901, taken in connection with the opinion of the Supreme Court are final upon all parties to that action on all the issues which were submitted to the court in that cause, or which might have been submitted to the court in that cause, and were there determined, until the same have been reviewed, set aside or altered by the action of the circuit court in pursuance of the mandate of the Supreme Court. Crispen v. Hannahan, 50 Mo. 418; Larue v. Kempf, 185 Mo. App. 69; Bank. v. Witmer, 171 Mo. App. 352; Summet v. Realty Co., 208 Mo. 511; Bank v. Tracy, 141 Mo. 258. (2) Plaintiff in its reply admitted that Adda Kirby, only owned an inchoate dower therein. This is in accordance with the proof of title. While the trust deed or mortgage in question purports to have been acknowledged before J. F. McMillan, a notary public, yet as a matter of fact, it was never acknowledged before him either by Charles W. Kirby or appellant, Adda Kirby, his wife, as required by Secs. 2788, 2794, 2796, 2799 or Sec. 358, R. S. 1909, and, therefore, under no circumstances could appellant's inchoate dower in said real estate be impressed with the lien of said mortgage. Young v. Hyde, 255 Mo. 496; McCreary v. Lewis, 114 Mo. 582; Chrisman v. Linderman, 202 Mo. 613; Grady v. McCorkle, 57 Mo. 174; Runnells v. Gerner, 80 Mo. 483; Hoskinson v. Atkins, 77 Mo. 540; Devorse v. Snider, 60 Mo. 240; Shroyer v. Nickell, 55 Mo. 264; Atkinson v. Henry, 80 Mo. 154; Hall v. Smith, 103 Mo. 289; Kenney v. McVoy, 206 Mo. 42; Rivard v. Railroad Co., 257 Mo. 135; Genoway v. Maize, 163 Mo. 232; Bartlett v. O'-Donaghue, 72 Mo. 563; Goff v. Roberts, 72 Mo. 570; Brannock v. Magoon, 216 Mo. 727; Linton v. Cooper, 73 N. W. (Neb.) 733. The statute, section 2788, provides that dower can be released only by a "joint deed acknowledged and certified." Sec. 358 provides that nothing the husband can do will bind the wife with reference to dower "without the assent of the wife evi-

denced by her acknowledgment thereof," and the above authorities hold that her relinquishment of dower must be in accordance with the statutory requirements. Inchoate dower cannot be relinquished in any manner other than that prescribed by statute, and as it is not a subject of grant or assignment, it cannot be made the subject of an execution sale. Durrett v. Piper, 58 Mo. 554; Bohannon v. Combs, 97 Mo. 448; Brannock v. Magoon, 216 Mo. 727; Magwire v. Riggin, 47 Mo. 532; Frederick v. Eming, 186 Ill. 319; Re Lingafelter, 181 Fed. 24, 32 L. R. A. (N. S.) 114; Rice on the Modern Law of Real Property, p. 147; 2 Scribner on Dower (2 Ed.), p. 313, par. 49; 14 Cyc. 925, 929; 1 Corpus Juris 752 (note f.), 763; McCrillis v. Thomas, 110 Mo. App. 703.

*F. H. McCullough* and *W. C. Ivins* for respondent.

(1) The case of First National Bank of Stronghurst, v. Kirby, is the law of this case, upon the question of the validity of the deed of trust, as to the interest of appellant in the lands in question. Bank v. Kirby, 175 S. W. 926. (2) The judgment in this case is sufficient as a judgment of foreclosure. Respondent did not ask a personal judgment against appellant. Trumbo v. Flournoy, 77 Mo. App. 324; Hoskinson v. Adkins, 77 Mo. 537; Hagerman v. Sutton, 91 Mo. 519. (3) There can be no question of res adjudicata in this case, as to the interest of appellant, for the reason that case No. 6901 was reversed and remanded, as to the appellant, by the Supreme Court, and was dismissed before the case at bar was tried. Bank v. Kirby, 175 S. W. 926. (4) The contention of appellant, that respondent has split its cause of action cannot stand the light of investigation. There was no splitting. Suit 6901 was dismissed as to appellant before there was an adjudication. (5) Both of the sections 2788 and 358 prescribe the same rules for conveying the separate estate of the wife as that which pertains to inchoate dower, and the later decisions have held that, since the enactment of the Married Womans' Statute, the wife is bound, even

though the deed be unacknowledged or the acknowledgment be faulty or forged. Bank v. Kirby, 175 S. W. 926; Sec. 8304-8309, R. S. 1909; Bank v. Hageluken, 165 Mo. 450; Rice, Stix & Co. v. Sally, 176 Mo. 131; Kirkpatrick v. Pease, 202 Mo. 490; Evans v. Morris, 234 Mo. 186; O'Day v. Meadows, 194 Mo. 614; Glasscock v. Glasscock, 217 Mo. 362; Harvey v. Long, 168 S. W. 708; Rivard v. Railroad, 257 Mo. 159. (6) An unacknowledged mortgage is good, as between the parties. Bennett v. Shipley, 82 Mo. 448; Genoway v. Maize, 163 Mo. 224; Finley v. Babb, 173 Mo. 257.

RAILEY, C.—This is the second action brought by plaintiff, against defendants, in the circuit court of Knox County, Missouri, to foreclose the same mortgage on 200 acres of land in said county, the legal title to which stood in the name of defendant, Charles W. Kirby, at the time of the execution of said mortgage. The defendants are husband and wife, and reside at Stronghurst, Illinois. Plaintiff is engaged in the banking business in said city.

On October 15, 1909, defendants executed and delivered to Elmer E. Taylor, four promissory notes, aggregating $7500, due five years after date, which were attempted to be secured by a mortgage, for said amount, on the Knox County land aforesaid. Said notes and mortgage were signed by defendants, but the mortgage was never acknowledged. The above notes and mortgage were duly assigned to the plaintiff, and the latter is still record owner thereof.

*On April 12, 1911,* plaintiff instituted in the circuit court of Knox County aforesaid, an action—numbered in said court *6901*—against the present defendants to foreclose said mortgage. Defendant Adda Kirby filed her separate answer in said cause, and alleged therein that at the time said mortgage was signed she was the wife of her co-defendant; that they were then the owners of said 200 acres by the *entirety*; that the loan was for the sole use of her husband and that she received no part of the money advanced; that the deed was never

acknowledged by her; that the money loaned by Taylor to her husband belonged to plaintiff, and that the loan was made through Taylor to avoid the provision of the National Bank Act, limiting the amount the bank might loan to one person to ten per cent upon its capital, which was only $35,000; that the plaintiff had no lawful authority to loan upon Missouri lands as security; that for these reasons the mortgage was void and she asked that the same be cancelled. Elmer E. Taylor was the cashier of plaintiff, and the $7500 loaned was the property of the latter.

On December 22, 1911, the circuit court, in disposing of case 6901, rendered a judgment and decree of foreclosure against the interest of defendant Charles W. Kirby in the land aforesaid, but as a part of the same judgment decreed that said mortgage was never acknowledged by said defendants or either of them, and that said "mortgage deed is null and void and of no effect as to the interest of said Adda Kirby in and to all said real estate." The plaintiff in said cause filed a motion for a new trial, setting up that the judgment on *all issues* should have been for plaintiff against both defendants, which was overruled, and an appeal taken to this court. We reversed and remanded the cause, for the reason that there was no final judgment rendered in the case discharging Adda Kirby from the suit, or even awarding her costs. [Bank v. Kirby, 175 S. W. 926.] We likewise held that: "No cause of action existed in favor of the plaintiff at the time the suit was brought." The case having been tried throughout on the theory that defendants were *tenants by the entirety,* we expressed our views of the law upon *this* subject, but did *not* consider or decide *whether the inchoate right of dower of defendant Adda Kirby was conveyed by said mortgage.*

On March 23, 1915, plaintiff instituted, in the circuit court of Knox County aforesaid, the present action, against Kirby and wife, to foreclose said mortgage—the foregoing notes having become due—and the defendants filed separate answers in said cause.

269 Mo.—19

The opinion and mandate of this court, in case 6901, was filed in the circuit court of Knox County, on May 1, 1915. On June 10, 1915, plaintiff dismissed said cause, as to defendant Adda Kirby.

Charles W. Kirby filed his separate answer in the present suit, on June 7, 1915, and pleaded former adjudication.

(1) The separate answer of Adda Kirby filed herein, among other things, sets out the proceedings in case 6901 supra, which culminated in a decree of foreclosure of her *husband's* interest in said land, which was not appealed from. (2) She pleads said judgment in her own behalf, holding said mortgage to be null and void as to her interest in said land. (3) She avers that John W. Harkness and wife, on March 2, 1896, conveyed the land in controversy to Charles W. Kirby, and that she signed said notes solely as the wife of said co-defendant. (4) She alleges that she has no interest in said land that is subject to sale under said trust deed or any decree rendered thereon, etc. (5) She avers that said cause 6901 was, on June 10, 1915, dismissed as to her; and that as plaintiff foreclosed its deed of trust, as to the interest of Charles W. Kirby in said land, it cannot *split its cause of action* and foreclose said deed of trust as to her inchoate right of dower in said land, or any other interest she may have therein.

Plaintiff's reply sets out in substance the proceedings in case 6901 aforesaid.

The testimony taken in the trial of case 6901 was preserved by bill of exceptions and offered in evidence without objection in the present case.

J. C. Dorian testified at the former trial, as shown by the above bill of exceptions, that $500 would be a reasonable attorneys' fee for foreclosing said mortgage, when contested.

At the conclusion of the testimony, defendant Charles W. Kirby interposed a demurrer to the evidence, which was overruled. Defendant Adda Kirby asked the court, before a decision was announced, to find the

facts as stated in her written request, numbered 1 to 8 inclusive. Paragraph two of the proposed finding of facts, asks the court to determine: "(2) Whether the defendant, Adda Kirby, has any other or greater right in the real estate in question than an inchoate right of dower?" The court refused to answer this question and an exception was saved as to its ruling thereon. Thereupon, defendant Adda Kirby asked fourteen instructions, numbered from 1 to 14 inclusive. The first and tenth were given as asked, and the remainder refused. The *first*, in substance, declared that the mortgage in controversy was never acknowledged by Adda Kirby. The *tenth*, in substance, declared that the present suit could not be maintained against defendant Charles W. Kirby.

The trial court, in its decree, after setting out its findings of facts as to the uncontroverted testimony, found that the above mortgage was never acknowledged by defendants or either of them, *"but the court finds and holds that said deed of trust or mortgage deed is a good and sufficient conveyance as between the parties to this suit, and that same is in full force and effect as a deed of trust or mortgage. and is binding upon the interests of said defendants in and to all above described real estate."* The court found, that the defendant Charles W. Kirby should go hence without day and recover his costs. The court further found: *"that the said deed of trust or mortgage deed is in full force and effect, and is binding upon the interest of the defendant Adda Kirby; that all of her interest of whatsoever kind or nature in and to the real estate described in said deed of trust or mortgage deed . . . . be sold by the sheriff of Knox County, Missouri,* at public vendue, to the highest bidder," etc. An attorneys' fee of $500 was taxed in favor of plaintiff's counsel for prosecuting this action.

Defendant Adda Kirby, in due time, filed her motions for a new trial and in arrest of judgment. Both motions were overruled and the cause duly appealed by her to this court.

I.  It is insisted by appellant that the execution, by herself and husband, of the unacknowledged mortgage read in evidence, and sought to be foreclosed in this action, was ineffectual to pass her **Dower: Unacknowledged Mortgage.** inchoate right of dower in the land described therein.  On the other hand, respondent contends that section 8304, Revised Statutes 1909, made the wife's inchoate right of dower a part of her estate and conferred upon her the right to sell and dispose of the same by an unacknowledged deed, without any reference to her husband.

We have examined with care and a great deal of interest the laws of many States relating to married women, but have been unable to find therein any principles announced which have not already been considered by the appellate courts of this State in dealing with the above subject.  It would serve no good purpose to review the legislation in this State relating to the law of married women, as the subject was fully considered in the two cases of Brown v. Dressler, 125 Mo. 589, and Farmers Exchange Bank v. Hageluken, 165 Mo. 443.  In each of these cases, the wife undertook to convey her *legal estate,* without her husband joining in the conveyance.  In each case, the wife had acquired title to the real estate attempted to be conveyed, *after* the passage of the Married Woman's Act supra.

In Brown v. Dressler, BRACE, J., speaking for this Division, ruled that a married woman could convey her real estate held as at common *only* by jointly with her husband, executing, acknowledging and certifying the conveyance, as required by section 2396, Revised Statutes 1889.  All the *then* members of this court concurred in Judge BRACE's opinion.  The same legal proposition came before the Court in Banc in the Hageluken case supra, and the Brown-Dressler decision was in terms overruled, in an opinion filed by Judge SHERWOOD, to which Judges BRACE, VALLIANT and GANTT dissented.

While the *principles* of law declared in the Hageluken case have since been followed by this court, and are now considered as settled, yet a careful consideration of these two cases will indicate that the able members of the Supreme Court who were *then* on the bench were nearly evenly divided over the question, as to whether the wife could convey her *legal estate,* acquired subsequently to the adoption of the Married Woman's Act of 1889, without her husband joining in a deed, and acknowledging same with the wife.

We are now asked to go one step further, and hold that the General Assembly of this State, in the adoption of section 8304 supra, intended to make the wife's *inchoate right* of *dower* a part of her separate or legal estate, with the right to sell and dispose of same, without her husband joining in the conveyance, and without any acknowledgment upon the part of either. If section 8304, supra, contemplated that the wife, under the circumstances of this case, should be placed upon the same plane as an *unmarried* woman, with full power and authority to sell and convey her inchoate right of dower, without her husband joining in the conveyance, and without any acknowledgment of the instrument on her part, it would undoubtedly follow that such inchoate right of dower could be levied upon and sold under an execution issued in due form against the wife. Should the inchoate right of dower be sold under execution against her, and a deed be made to the purchaser therefor, it would practically destroy, in many cases, the commercial value of the fee simple title. The owner of the fee, in case he desired to sell, would be left at the mercy of an unfriendly owner of the inchoate right of dower, and he might be compelled to pay an exorbitant consideration for a release of such interest. Was it not the intention of the lawmaking power to require the husband and wife to *join* in a deed when disposing of the inchoate right of dower, in connection with the estate conveyed, in order to avoid the injurious consequences that might follow, and especially, as above indicated?

Section 8304, supra, does not require the husband to join the wife in respect to any conveyance made thereunder. The requirement so to do, where the inchoate right of dower is attempted to be disposed of, is found in section 2788, Revised Statutes 1909, where it is said:

"A husband and wife may convey the real estate of the wife, and the wife may relinquish her dower in the real estate of her husband, by their joint deed acknowledged and certified as herein provided."

Section 901, Revised Statutes 1899, was repealed by the Act of 1905, Laws 1905, page 94, and said section 2788 enacted in lieu thereof. Hence, we find that the General Assembly, in 1905, after the passage of the Married Woman's Act of 1889, in the form of a new enactment, *still* required the husband and wife to join in the conveyance, where the inchoate right of dower is conveyed, and to have the conveyance *acknowledged by both.* While the Legislature, in the repeal of section 901 of Revised Statutes 1899, and the enactment of 1905 in lieu thereof, as it appears in section 2788, Revised Statutes 1909, used the same language, in regard to requiring husband and wife to *join* in the conveyance and acknowledge same when the inchoate right of dower is attempted to be disposed of, as appeared in the statutes under the head of "Conveyances," which were in existence prior to the adoption of the Married Woman's Act, yet it is persuasive evidence of the fact, that the attention of the General Assembly was called to this reenactment of the old law, notwithstanding the Married Woman's Act, previously adopted. If the lawmakers had intended that the inchoate right of dower might be disposed of by the wife, as contemplated in section 8304, supra, it would have been an easy matter to have said so, and to have refrained from re-enacting the old law, which required the husband and wife to *join* in the deed and acknowledge same, etc.

We have no disposition to curtail, by judicial construction, the beneficent provisions of section 8304, supra,

enacted for the benefit of married women, in respect to their contractural and property rights. Nor, on the other hand, are we allowed to invade the province of the lawmaking power, and give to said section a construction at variance with the intention of the law-makers, in respect to same. Appellant simply had an inchoate right of dower in the real estate described in the mortgage. It is a contingent right, the value of which depends wholly upon the death of the husband. [Teckenbrock v. McLaughlin, 246 Mo. 711.] It may be terminated at any time by the death of the wife. It is in no sense a vested right growing out of the contract of marriage, but is a mere expectancy or possibility incident to the marriage relation, contingent on her surviving the husband.

The General Assembly of this State, after adopting the Married Woman's Act of 1889, continued, throughout subsequent revisions, section 2788, Revised Statutes 1909, and other sections, which contemplate that the wife, in order to convey her inchoate right of dower, must join in a deed with the husband and both must acknowledge same. We think it would be doing an injustice to the lawmakers of this State to hold that in the enactment of section 8304, supra, it was intended to classify the inchoate right of dower as the separate property or legal estate of a married woman, so as to make it liable, on execution, for the payment of her debts.

It was frankly admitted by respondent's counsel at the oral argument before us, that the inchoate right of dower belonging to a married woman could not be levied upon and sold under execution for the payment of her debts, but it was contended that she had the legal right, under section 8304, to sell or dispose of same, if she saw fit to do so. This latter contention does not appeal to us as being sound. If the Legislature, in the enactment of section 8304, *intended* that the inchoate right of dower should be classed as a part of the married woman's property attempted to be covered by said section, then she has the legal right

to convey same by her own unacknowledged deed, without any reference to her husband. Considering the dower interest as *property*, under said section, it is clearly vendible under execution against the wife; and it would be illogical to hold otherwise. We are satisfied that the Legislature never intended section 8304, to cover the dower interest of a married woman in her husband's real estate, but on the contrary, intended that the conveyance of same should be governed by the provisions of section 2788, Revised Statutes 1909, which requires the husband and wife to join in the deed and acknowledge same.

On the undisputed facts disclosed by the record, we hold, as a matter of law, that the act of appellant in signing the unacknowledged mortgage in controversy, was ineffectual to pass her inchoate right of dower in the real estate described in the mortgage.

II. We have carefully read and considered all of the authorities in the respective briefs on file, as well as those referred to by counsel for respondent since the oral argument of this cause. The Missouri cases cited do not deal with the question as to whether section 8304, supra, authorizes a married woman to convey her *inchoate right of dower* in her husband's real estate, without joining the husband in a conveyance, etc. On the contrary, the cases to which we are referred relate to the right of the wife to dispose of her *legal estate* without joining her husband in the conveyance of same.

Case Determined on Pleadings.

The case of Bank of Stronghurst v. Kirby, 175 S. W. 926, was disposed of in the trial court on the theory that these defendants were the owners of the land described in the mortgage as tenants by the *entirety*. The case was tried here upon the same theory. We reversed and remanded the case because it was prematurely brought, and because no final judgment had been rendered disposing of Mrs. Kirby's rights in the litigation. In discussing the is-

sues which we anticipated would come up on a re-trial of the case, we held that if appellant and her husband were tenants by the entirety, then her act in signing the unacknowledged mortgage with her husband, and delivering same to plaintiff, passed her interest as tenant by the entirety. The pleadings, however, in the present case concede that appellant has only an *inchoate. right of dower* in the land described in said mortgage. We neither considered, nor passed upon, the question now before us, in the former litigation. We are satisfied with the conclusion reached in the former case on the record presented therein.

The Illinois cases cited by respondent's counsel have no application to the case in hand, for the obvious reason that section 17 of the Illinois Married Woman's Act of 1874 (Ill. R. S. 1874, pp. 275-6; 109 Ill. 656), in express terms, authorizes the husband and wife to convey the latter's interest in his land by both joining in a deed therefor, although it may not be acknowledged by her; but the same section provides, that:

"In all cases where the interest of the husband in any tract or parcel of land has been divested, by process of law or otherwise, the *wife* may, by deed duly executed and acknowledged, release and convey to the purchaser," all her interest in such land.

Mr. Justice MULKEY, in Bute v. Kneale, 109 Ill. l. c. 657, in discussing the effect of said last quoted portion of section 17 supra, said:

"But in such case her deed must be duly acknowledged and properly certified, as required by the statute, otherwise it will be inoperative."

This was one of the cases to which we were referred by respondent's counsel since the oral argument of the case.

We find nothing in the cases cited by respondent which would warrant us to affirm judgment in this cause.

III.   Having reached the conclusion that respondent is not entitled to maintain this action, we hereby reverse and remand the cause, with directions to the trial court to set aside its judgment in behalf of plaintiff against this appellant, and to dismiss this cause as to appellant, at the cost of plaintiff.

*Brown, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court.   All of the judges concur.