J. E. AMMERMAN v. WILLIAM LINTON, CHARLES W. KIRBY and ADDA KIRBY; C. W. DURRETT, Intervener, Appellant.

Division One, July 9, 1919.

1. **SHERIFF'S DEED: Recitals: Judgment as Evidence.** The recitals in a sheriff's deed are prima-facie evidence of the facts therein set forth, and in ejectment the introduction in evidence of the judgment under which the execution sale was made is not necessary to establish title in the purchaser.

2. ———**: Recital of Levy.** A sheriff's deed is not required by the statute to recite a levy upon the lands sold.

3. **APPEAL: Printing Evidence Omitted at Trial.** The printing in the abstract of a judgment rendered at a former trial of the case, which was not offered by either party at the trial which resulted in the judgment appealed from, does not put such judgment in the record, and all contentions based on such former judgment are eliminated from the case.

4. **SHERIFF'S SALE: Pending Appeal: Subsisting Judgment Against Non-Appealing Defendant.** A sale upon special execution issued upon a judgment against a mortgagor who did not appeal and

which was never disturbed as to him, made during the pendency of the appeal which resulted in reversing the judgment rendered in behalf of the other defendant, was a sale, as to such non-appealing defendant, under a subsisting judgment.

5. ———: At Second Term: Written Stipulation. A sheriff's sale is not invalid because made at the second term after the issuance of special execution, rather than at the first. Besides, it is in poor grace to urge any infirmity in the sale on the ground that it was made at the second term where the parties have entered into a written agreement postponing the sale to that term in order that defendants might have longer time to redeem under the mortgage which was the basis of the judgment.

6. ———: Collateral Attack: Misleading Notice. A lack of proper notice of a judicial sale is an irregularity which renders the sale voidable, but not void; and being only voidable, the sheriff's deed, made under execution, cannot, because of an infirmity in the notice, be attacked in a collateral proceeding, such as an ejectment brought by the purchaser. So where the special execution recited that the debt and costs were declared a lien upon the land, and the sheriff's deed contained the same recitals, the deed cannot be attacked in ejectment on the ground that the notice of sale stated that one of the defendants owned all the lands as tenant by the entirety jointly with the other defendant and that it was the interest of such tenant that would be sold.

7. ACKNOWLEDGMENT: Regular on Face: Hidden Defects: Record. If a deed of trust contains a certificate of acknowledgment in proper and regular form, it is the duty of the recorder to receive the instrument and place it upon record, and if so recorded it imports constructive notice to all subsequent purchasers; and though, upon a trial in court, it is adjudged that the deed had not been acknowledged, because the notary's recitals in his certificate were false, its record nevertheless imported notice to such subsequent purchaser.

Appeal from Knox Circuit Court.—*Hon. Charles D. Stewart*, Judge.

AFFIRMED.

*J. C. Dorian, Boyd & McKinley, O'Harras, Wood & Walker*, and *C. W. Durett* for appellant.

(1) The plaintiff has failed to establish a consecutive chain of title indicating a legal title to the premises in question. Had he introduced the judgment se-

cured in the first foreclosure proceedings, on which his execution and deed is based, it would have shown on its face that the judgment was void.  (a) The judgment and decree in the first suit brought by the First National Bank of Stronghurst, Illinois, on April 12, 1911, was based upon the fact that Charles W. Kirby was the owner of an estate by the entirety and it authorized the sale of such an estate and that was the estate that was attempted to be sold under that judgment. First National Bank v. Kirby, 175 S. W. (Mo.) 926; First National Bank v. Kirby, 190 S. W.(Mo.) 600. (b) The Circuit Court of Knox County was without jurisdiction to authorize the sale of a tenant's interest in an estate by the entirety and its action in authorizing the sale of Kirby's interest as such a tenant by the entirety in that judgment and decree was void. Otto F. Stifel's Union Brewing Co. v. Saxy, 201 S. W. (Mo.), 67; Ashbaugh v. Ashbaugh, 201 S. W. (Mo.), 72. (c) Had plaintiff introduced the judgment in the original foreclosure proceedings, it would have shown that the judgment was void for the reason that there was no. definite amount found to be due at the date of the judgment, which the defendant in that cause was entitled to have. an opportunity to pay in order to prevent a sale. Rumsey v. People's Railway Co., 144 Mo. 175;   Black on Judgments (2 Ed.), sec. 3, p. 8; Black on Judgments  (2 Ed.), sec. 118, p. 168;   24 Cyc. 10;   Railway Co. v. Fosdick, 106 U. S. 47;   5 Am. & Eng. Ency. Law, p. 376;   Boone on Mortgages, sec. 189; Milhim v. Hawkeye Ins. Co., 171 Ill. App. 262; Thompkins v. Wiltberger, 56 Ill. 385. The judgment in question did not conform to the statute.  Sec. 2834, 2836, 2837, R. S. 1909; Fithian v. Monks, 43 Mo. 520. (d) The effect of a general and unqualified setting aside of a judgment, order or decree is to nullify it completely and to leave the case standing as if such judgment or decree had never been rendered.  Campbell v. Kauffman, 127 Mo. App. 287;   Moore v. Damon, 4 Mo. App. 111.; Atkison v. Dixon, 96 Mo. 577;   3 Cyc. 460;   4 Corpus Juris, p. 1204.  (e) No title passes under or by virtue

of an execution and sale following a void judgment. Janny v. Speldon, 38 Mo. 395; McNair v. Biddle, 8 Mo. 264; Otto F. Stifel's Union Brewing Co. v. Saxy, 201 S. W. (Mo.), 67; Knapp, Stout & Co. v. City of St. Louis, 156 Mo. 343; Macke v. Bird, 131 Mo. 682. (2) The special execution issued on the judgment recovered in the first suit brought by First National Bank v. Kirby was issued on the 6th day of November, 1913, and it provided that a return should be made "before the judge of our said court on the second Monday in December next," and was, therefore, dead or *functus officio* on the date of the sale to plaintiff, June 3, 1914. Secs. 2175, 2195, 2199, R. S. 1909; City of Aurora v. Lindsey, 146 Mo. 509; Jones v. Howard, 142 Mo. 117; St. Louis Brewing Assn. v. Howard, 150 Mo. 445; Stewart v. Severance, 43 Mo. 331; Bank v. Bray, 37 Mo. 194; Lackey v. Lubke, 36 Mo. 124; Wack v. Stevenson, 54 Mo. 485; Butler v. Imhoff, 238 Mo. 598. (3) A levy was essential, as the instrument sued on was not acknowledged and hence not entitled to record. Its record was unauthorized. Secs. 2794, 2797, 2798, 2809, 2810, 2811, 10381, R. S. 1909; Rivard v. Mo. Pac. Ry. Co., 257 Mo. 135; German v. Real Estate Co., 150 Mo. 570; Williams v. Butterfield, 182 Mo. 181; Bishop v. Schneider, 46 Mo. 472; Stierlin v. Daley, 37 Mo. 484; First National Bank v. Kirby, 175 S. W. (Mo.) 926; First National Bank v. Kirby, 190 S. W. (Mo.) 597; Sec. 2228, R. S. 1909; Butler v. Imhoff, 238 Mo. 598.

*W. C. Ivins* and *F. H. McCullough* for respondent.

(1) In ejectment, the right of possession alone is determined, and that is settled by the record title, or by title by limitation based upon possession. McAnaw v. Clark, 167 Mo. 443; Richardson v. Dell, 191 S. W. 64. (2) The recitals in the deed of the sheriff conveying the land to respondent, are presumptive evidence of the existence of the judgment and execution and the other facts recited in the deed, and in an action of ejectment the plaintiff need not produce the judgment and

execution. R. S. 1909, sec. 2231; McCormick v. Fitz-morris, 39 Mo. 24; Samuels v. Shelton, 48 Mo. 445; Jordan v. Surghnor, 107 Mo. 520; Scharff v. McGaugh, 205 Mo. 344; Butler v. Imhoff, 238 Mo. 584. (3) Mere irregularities or defects are not sufficient to invalidate a sheriff's deed. Emory v. Joice, 70 Mo. 537; Dunn v. Miller, 8 Mo. App. 467. (4) Irregularities in the judgment, sale or sheriff's deed cannot be taken advantage of in a collateral proceeding, but only in a direct application for that purpose. Reed v. Austin's Heirs, 9 Mo. 722; Waddell v. Williams, 50 Mo. 216. (5) Under the statute, where a sale is not made at the first term of the court after the issue of the execution, said execution continues in force until the end of the second term thereafter. R. S. 1909, sec. 2228; Lackey v. Lubke, 36 Mo. 122; Butler v. Imhoff, 238 Mo. 584. (6) The real estate was charged with the lien of the judgment, hence no notice of levy or other proceeding was necessary. The execution was simply a direction to the sheriff to foreclose that lien. R. S. 1909, sec. 2199; Smith v. Thompson, 169 Mo. 553; Brewing Assn. v. Howard, 150 Mo. 445. (7) A judgment may be erroneous or defective as a personal judgment and yet be valid as a judgment of foreclosure. Trumbo v. Flournoy, 77 Mo. App. 324; Hoskinson v. Adkins, 77 Mo. 537; Hager-man v. Sutton, 91 Mo. 519. (8) The question of interest of tenant by entirety does not enter into this case, because appellant Adda states in her answer, filed in this cause, that she only owns inchoate dower in the lands. (9) As between the judgment creditor and appellant, Charles W. Kirby, and those claiming under him, the judgment in Case No. 6901 was conclusive. It was final and no appeal was taken. Murphy v. De France, 101 Mo. 151. (10) The validity of the sheriff's deed depends, only, upon whether or not it contains all essential recitals; it recites the names of the parties to the execution, the date the execution issued, the date of the judgment, the description of the land, and the time, manner and place of the sale. The above are the only

essential recitals; all others are simply directory. Wilhite v. Wilhite, 53 Mo. 71; Gaines et al. v. Fender, 82 Mo. 507; Davis v. Kline, 76 Mo. 312; Sec. 2231, R. S. 1909.

GRAVES, J.—Action in ejectment, by petition in ordinary form. Defendant Adda Kirby answered: (1) by a general denial; (2) she avers that the right of possession is in one C. W. Durrett, stating the facts from which such conclusion is drawn. Defendant Charles W. Kirby, answers (1) by a general denial as to all matters not expressly admitted, and (2) admits that he was the former owner in fee of the land, but avers that C. W. Durrett is now the owner and entitled to the possession thereof. Defendant Linton was a tenant of Charles W. Kirby, and so answers, stating the terms of the tenancy.

C. W. Durrett, by leave of court, filed an intervening petition, by which he claimed title and the right of possession to said land by and through a trustee's deed under a foreclosure of a deed of trust executed by Charles W. Kirby, to Calvin Carder, trustee, of date March 22, 1911. The answer to Durrett, and replies to answers of defendants, were general denials. Plaintiff had judgment and the intervening petitioner, Durrett, has appealed.

Actions touching the issues involved in the instant case have been in this court heretofore. [Bank v. Kirby, 175 S. W. 926; Bank v. Kirby, 190 S. W. 597.] The records and judgments in these two cases are interwoven in the facts of the instant case. They are also, in a way, injected into the pleadings of this case. A historical review of the whole transaction will not be without good purpose.

Charles W. Kirby and his wife, Adda Kirby, lived at Stronghurst, Illinois. October 15, 1909, they executed and delivered to Elmer E. Taylor, notes aggregating $7500, which they attempted to secure by mortgage on 200 acres of land in Knox County, Missouri, the land

involved in the instant suit.  Taylor assigned the notes and mortgage to the First National Bank of Strong-hurst, April 12, 1911, and said bank brought suit in the Circuit Court of Knox County to foreclose this mort-gage, and Kirby and wife, supra, were the defendants. This was Cause No. 6901 in the Circuit Court of Knox County, and upon appeal here, by plaintiff, it was this land as an estate by the entirety.  So it seems to have been tried below, and so it was treated here.  [175 Cause No. 16935 in this court.  [175 S. W. 926.]  In 175 Southwestern it is erroneously stated to be Cause No. 16835, but our files show it to be No. 16935.  In this Cause No. 6901, Adda Kirby, by verified answer, averred among other things that she and her husband held S. W. 926, supra.]  We find upon looking at the old abstract it was admitted to be an estate by the entirety. When here we ruled that the circuit court properly found that the mortgage had not been acknowledged, but as the estate was one by entirety the mortgage was good as between the parties, and could be foreclosed. We also ruled that there was no final judgment against Adda Kirby and that the suit was prematurely brought. The cause was reversed and remanded.  But it must be borne in mind that Charles W. Kirby not only failed to plead in said Cause No. 6901 in Knox County (No. 16935 in this court), but did not appeal from the judg-ment of foreclosure as to his interest in the land.

Whilst Cause No. 6901 from the Knox Circuit Court was pending here upon appeal, the plaintiff therein caused special execution to be issued as against Charles W. Kirby and his interest in the land, and it is under the sale and deed from the sheriff under this special execution that plaintiff claims title.  This special exe-cution was issued November 6, 1913, and sale was had thereunder in June, 1914.

March 23, 1915, after the reversal of the judgment as to Adda Kirby said Cause 6901 from Knox County Circuit, the First National Bank of Stronghurst brought another suit of foreclosure against Charles W. and

Adda Kirby, in the Circuit Court of Knox County. This was Cause No. 7272 of that court. In this cause Charles W. Kirby plead that the judgment in Cause No. 6901 was *res adjudicata,* and a bar to Cause No. 7272, as to him. The circuit court upon trial so held, and again he did not appeal. In Cause No. 7272, the defendant Adda Kirby disclaimed that the estate was one by entirety (in 175 S. W. 926, we had held that with such an estate her mortgage was good although not acknowledged), but averred that her husband Charles W. Kirby was the owner in fee and she only had an inchoate right of dower. Notwithstanding this answer and evidence tending to prove it, the trial court held (in Case No. 7272) that the unacknowledged mortgage was binding upon Adda Kirby, and her inchoate right of dower. As said above, the court, in Case No. 7272, ruled that the judgment in No. 6901 was *res adjudicata* as to Charles W. Kirby, and he went no further. Adda Kirby appealed to this court, and Case No. 7272 in Knox Circuit Court became Case No. 19027 in this court. [190 S. W. 597.] In this cause this court held that whilst an unacknowledged deed of trust would (as between the parties) bind both husband and wife as owners of an estate by the entirety, yet such an unacknowledged instrument would not convey (even as between the parties) inchoate dower. We therefore reversed that judgment, and directed the circuit court to set aside its judgment so far as it affected the appellant Adda Kirby, and to dismiss the cause as to such appellant.

The record in this case would tend to show that Adda Kirby falsified when, in her verified answer in Case No. 6901, she averred that she and her husband held the lands as an estate by the entirety. The verification of the answer no doubt prompted the admission of record in the first case. This record shows the common source of title to be John M. Harkness. It then shows a warranty deed from John M. Harkness and wife to Charles W. Kirby. But be this as it may, plaintiff claims under the sheriff's deed aforesaid.

Now for Durrett's claim of title and possession. On March 22, 1911, Charles W. Kirby (not joined therein by his wife) made and executed to Calvin Carder, as trustee, a deed of trust on the lands in question, to secure the payment of two notes (aggregating $6500) given by Kirby to his wife Adda Kirby. On October 21, 1915, the sheriff of the county, as successor trustee, sold the lands under this deed of trust, and executed a trustee's deed to Durrett, as the purchaser at such sale. The intervener, Durrett, claims title and the right of possession under this deed. This sufficiently outlines the case.

I. There are some harsh features in this case growing out of the false averment in Adda Kirby's answer in Cause No. 6901, to the effect that she and her husband held the land as an estate by the entirety. The case seems to have proceeded *nisi,* and here, on that theory. [Bank v. Kirby, 175 S. W. 926.]

In the instant case (a possessory action in ejectment) plaintiff showed: (1) a conveyance from the admitted common source of title to Charles W. Kirby; (2) a deed of trust from Kirby and wife to Taylor; (3) an assignment of notes and deed of trust to First National Bank of Stronghurst by Taylor; (4) the judgment of reversal by this court of the judgment in No. 6901, so far as Adda Kirby was concerned (she being the only appellee), but with a holding that the deed of trust was good between the parties; (5) special execution as against the interest of Charles W. Kirby's interest in the land; and (6) the sheriff's deed under such special execution to the plaintiff in this case.

The right of plaintiff to recover is dependent upon the validity of that deed. The appellant urges that the failure of the respondents to introduce in evidence the judgment upon which the special execution was issued creates a break in plaintiff's chain of title, and for that reason the plaintiff should not have been per-

Sheriff's Deed.

mitted to recover. There is no substance in this contention of the appellant. It has long been held that the recitals in the sheriff's deed are prima-facie evidence of the facts therein set forth, and that the introduction of the judgment under which the sale was made is not required to make a case. [McCormick v. Fitzmorris, 30 Mo. 1. c. 32; Samuels v. Shelton, 48 Mo. 1. c. 449; Jordan v. Surghnor, 107 Mo 1. c. 524; Scharff v. McGaugh, 205 Mo. 1. c. 357. See also R. S. 1909, sec. 2231.]

If the opposite party desires to impeach the recital of the sheriff's deed, he has the right and privilege of so doing, but if the deed is a valid one on its face, the plaintiff makes out a case by the introduction of the deed, without the judgment out of which the sale and deed grew. When we say above that the party has the privilege to attack a deed, regular and valid upon its face, we do not mean that it can be done in a collateral proceeding, as in this proceeding. But of this subject later.

II. The deed does not recite a levy upon the lands sold. The statute (Section 2231, Revised Statutes 1909,) requires no such recitation. We have so held for many years. [Hunter v. Miller, 36 Mo. 1. c. 147: Shelton v. v. Franklin, 224 Mo. 1. c. 367; Butler v. Imhoff, 238 Mo. 1. c. 595.] The deed does re-

Recital of Levy.

cite the date of the judgment, the parties to the judgment and the execution, the date of the execution and its receipt by the sheriff. It also avers that the special execution recited that such judgment is a lien and charge upon the real estate. It recited fully the particulars of the execution, as also the description of the land, and the manner of notice and all details as to the sale. In fact under the rulings, supra, as well as under others that might be cited, the deed is valid upon its face.

III. The judgment in Cause No. 6901 was not introduced in evidence by either party. Counsel for ap-

pellant have printed it in their brief, but that does not put it in the record. The special execution

<span style="font-variant: small-caps">Documents Not Offered At Trial.</span> is in the record, as is also the notice of sale. Among other things the special execution recites "which said debt and costs were declared a lien and charge upon the following described property." The property described was the land sold, and the party named as execution debtor was Charles W. Kirby, the non-appealing defendant in Cause No. 6901.

Several of appellant's contentions are eliminated by reason of the absence of this judgment from the record. Charles W. Kirby did not appeal from this judgment, but when the bank instituted another suit of foreclosure, (Cause No. 7272) he did appear, and plead the judgment in Cause No. 6901 as *res adjudixata,* and got the court to so hold. This judgment he abided, as did also the bank, but Adda Kirby appealed, and secured a reversal of the jugment as to her. [Bank v. Kirby, 190 S. W. 597.]

An examination of our opinion (175 S. W. 597) when the bank case was first here indicates that the appeal was as against Adda Kirby only. We then said: "While the attack made by this appeal is found-

<span style="font-variant: small-caps">Subsisting Judgment.</span> ed exclusively upon the alleged error of the circuit court in giving judgment for the defendant Adda Kirby, there is in fact no such judgment." Going to the old files in that case we find this statement in the abstract of record: "This appeal was taken as to the interest of defendant Adda Kirby, only." The whole proceeding so shows. No additional abstract was filed. There was no reason for the plaintiff in Case No. 6901 to disturb the judgment as to Charles W. Kirby, for thus far it was in its favor. Charles W. Kirby recognized that it had not been disturbed as to him when in Case No. 7272, he plead as *res adjudicata* the judgment in Case No. 6901. So that it can be said that there was a subsisting judgment

against Charles W. Kirby at the date of the special execution under which the sale was made. So far as the showing made in the present record is concerned, it was not a void judgment.

IV. As a fact the sale under the special execution was not made at the first term of court after its issuance, but was made at the second term of the court after its issuance. The land was advertised for sale at the first term after the issuance of the special execution, but the parties stipulated that the sale should be called off in view of a possible settlement of the matter. The last clause of the agreement reads:

Sale at Second Term.

"7. It is expressly stipulated that February 1, 1914, shall be fixed as the limit of time allowed for the performance by said Adda Kirby and Charles W. Kirby of the stipulations herein made on their part to be performed, and in the event that said stipulations are not fully performed by that date, then the plaintiff has the option to again advertise and sell the interest of said Charles W. Kirby in said real estate, and in that event, the said Charles W. Kirby hereby expressly waives his right of redemption from such sale, and also his right of appeal, by writ of error, or otherwise, from the decree in said cause rendered.

"Date this 5th day of December, A. D. 1913."

The previous portions of the stipulation and agreement set out the things to be done by Charles W. Kirby and Adda Kirby to effect the proposed settlement. This agreement was signed by both Charles W. Kirby and Adda Kirby and by counsel for the bank, the opposing party. The parties are in poor grace urging this point. But in our judgment the law is well settled. The sale was not invalid because made at the second term of the court. The statute contemplates such a sale. [R. S. 1909, sec. 2228.] We have so expressly ruled. [Huff v. Morton, 94 Mo. l. c. 409. See also Lackey v. Lubke, 36 Mo l. c. 122, and Butler v. Imhoff, 238 Mo. 584.]

This contention of the appellant cannot be sustained.

V.  Whilst neither the plaintiff nor the defendants nor intervener introduced the judgment under which the sale was made, the plaintiff did introduce the special execution, the notice of sale, and the sheriff's deed.  These are therefore in the record. This notice says that the sheriff will sell "all of the undivided interest of the above named defendant, Charles W. Kirby, in and to the following described lands." (Here follows the description of the lands.)     Then follows in the notice the following paragraph:

**Notice of Sale.**

"The said defendant, Charles W. Kirby, owns all the above described lands, as tenant by the entirety, jointly with the above named defendant, Adda Kirby, and the interest of the said defendant, Charles W. Kirby, in and to all the lands above described will be sold to satisfy a judgment or decree of foreclosure rendered against him by the said Knox County Circuit Court."

The execution contains no such recital, nor does the deed made by the sheriff contain such a recital.   The execution says the debt and costs were declared· a lien upon the land, and directs that the debt and costs be made out of such land. The recitations of the deed follow those of the execution.   Appellant contends that this notice shows that the interest in the lands sold was not the interest conveyed by the deed, as we gather their point.

By way of parenthesis it should be said that the appellant in the brief has made no formal assignment of error, but under the head of "Points and Authorities" has engaged in a running fire of points, authorities and arguments.   This is no doubt the result of having counsel from other states in the case.   In fact, it is a close question as to whether or not we should not dismiss the appeal for failure to comply with our rules. However, we have attempted to get the points made as best we could.   Now grant it that this notice of sale is irregular,

the deed (which is regular and valid upon its face) cannot be thus attacked in this collateral proceeding. Thus in 24 Cyc. 21, it is said: "The fact that proper notice of a judicial sale has not been given is always a sufficient ground for refusing to confirm or setting aside the sale; but according to the weight of authority it is a mere irregularity which renders the sale voidable only and not void."

A voidable sale or a voidable deed cannot be attacked in a collateral proceeding. This must be done in a direct proceeding. Only void deeds or void proceedings are available for collateral attacks.

The rule above from Cyc. has long been the rule in this State. In the early case of McNair v. Hunt, 5 Mo. l. c. 309, it is said: "It appears from the cases cited that, in Spain, thirty days notice were at some remote period required, and probably still are; but for what reason the crown of Spain could require thirty days' notice to be given in this then colony, I am unable to see. But even if that were the law, I should say that the act of the sale was merely voidable, and could not be now questioned in a collateral suit."

No notice could be much more defective than one not given for the required time. The rule in the McNair case is reannounced in Robbins v. Boulware, 190 Mo. l. c. 48, whereat the McNair case, supra, and other Missouri cases are cited and discussed. The result of the rule is that the deed is not void, but at most only voidable, and being only voidable must be attacked in a direct proceeding, and can not be attacked in a collateral proceeding.

VI. Another contention is, that inasmuch as the deed of trust from the Kirbys to Taylor was not acknowledged it was not entitled to record, and its record imparted no notice to Carder, the trustee in the deed of trust made by Kirby to secure alleged notes to his wife, nor notice to Durrett, the purchaser at the foreclosure. This calls for further facts. The deed of trust

from Charles W. Kirby and wife, Adda Kirby, had this certificate thereon:

State of Illinois
County of Henderson. } *ss.*

On this 20th day of October, 1909, before me personally appeared Charles W. Kirby and Adda Kirby, his wife, to me known to be the persons described in, and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed.

Witness my hand and official seal.  My Term expires —————————190—.

J. F. McMILLAN,
Notary Public Henderson County, Illinois.
My commission expires
Feb. 14, 1913.

This is a good certificate and regular upon its face. It entitled the instrument to record. What appellant has in view, is, that in Case No. 6901 the trial court found that, notwithstanding this certificate of acknowledgment, as a matter of fact the notary public did not in fact take the acknowledgment of the parties. This alleged and afterward established defect was hidden and did not appear upon the instrument. Under the Missouri rule it was not only the duty of the recorder to record this instrument, which was fair upon its face. but it (when recorded) imparted notice to subsequent purchasers.

In Stevens v. Hampton, 46 Mo. 1. c. 408, Judg BLISS, thus states the rule: ''In view, then, of the ac knowledgment as affecting the right of record and the question of constructive notice, the following would seem to be a reasonable rule; that when the recorded instrument shows upon its face that the acknowledgment was taken by a party, or party in interest, it is improperly recorded, and is no constructive notice; *but when it is fair upon its face it is the duty of the register to receive and record it, and its record operates as notice notwithstanding there may be some hidden defect.*'' The italics are ours.

To like effect the rule is stated in 1 Cyc. p. 530, whereat it is said: "But where an instrument bearing a certificate of acknowledgment or proof which is regular upon its face is presented to the recording office, it becomes his duty to record it, and the record thereof will operate as constructive notice, notwithstanding there be a hidden defect in the acknowledgment." The cases bearing upon the rule are collated by the learned author, and among them is Stevens v. Hampton, 46 Mo. 404, supra. In 1 C. J. 773, the same rule is announced, and a further collation of authorities given.

The rule is a sensible one. The recorder of deeds cannot hold inquiry as to defects not apparent upon the face of the instrument. It follows that the recording of the deed of trust from Kirby and wife to Taylor was notice to the world. The contention of appellant must be ruled against him. He not only bought with notice of the prior deed of trust, but he bought after the foreclosure of Kirby's interest, and after the sale to plaintiffs herein, and after plaintiff's deed was of record. He was not a purchaser without notice, nor was the trustee from whom he bought.

VIII. The foregoing cover the substantial contentions of appellant, as we have been able to sort them from a mass of irrelevant matter. From it all, the judgment below was well founded in law, and most certainly (from the stand point of good morals) for the right party. The conduct of Kirby and wife has not been such as to appeal to a court.

The judgment is affirmed. *Blair, P. J.*, and *Bond, J., concur; Woodson, J.,* absent.